Robert J. HILLIS and Jenny Hillis,
Plaintiffs-Appellants,

v.

VILLAGE OF FOX POINT BOARD OF APPEALS, Scott
Miller, Fox Point Building Inspector,
Michael McGee and Carol McGee,
Defendants-Respondents.

Court of Appeals

*No. 04–1787. Submitted on briefs February 08, 2005.
—Decided March 15, 2005.*

2005 WI App 106

(Also reported in 699 N.W.2d 636.)

147

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Daniel Kelly, Mark A. Cameli* and *James J. Eichholz* of *Reinhart Boerner Van Deuren S.C.* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the briefs of *Mark B. Pollack* and *Maria S. Lazar* of *Galanis, Pollack & Jacobs, S.C.* of Milwaukee for *Michael* and *Carol McGee* and *H. Stanley Riffle* and *Julie A. Aquavia* of *Arenz, Molter, Macy & Riffle, S.C.* of Waukesha for *Village of Fox Point Board of Appeals* and *Scott Miller, Fox Point Building Inspector.*

Before Wedemeyer, P.J., Fine and Kessler, JJ.

¶ 1. KESSLER, J.   Robert J. and Jenny Hillis appeal from a circuit court order affirming a Village of Fox Point Board of Appeals ("Board of Appeals") decision permitting Michael and Carol McGee to construct an addition to their house. We affirm the order.

## BACKGROUND

¶ 2.   The Hillises, who purchased their house in the Village of Fox Point in 1979, live next door to the McGees. The McGees' house was originally built in 1927; they purchased it in 1995. No evidence suggests that the McGees' house has ever been used other than

as a residence. It is located in an area zoned for residential use.

¶ 3.  The McGees applied for a permit to construct an addition on the south side of their house, the side nearest the Hillises. The Hillises objected to the proposed addition. The Hillises did not allege that the proposed addition violated any ordinances as to use (residential), setbacks (front or side), or area (ratio of floor of house to lot size). Rather, they argued that the McGees' house is already a nonconforming property because it extends over a bluff line, which is in violation of a provision of the municipal zoning code. Therefore, they contended, the McGees are subject to a limit on the cost of additions or modifications of fifty percent of the assessed value. The Hillises asserted that because the cost of the proposed addition exceeds fifty percent of the house's assessed value, the addition should not be allowed. *See* VILLAGE OF FOX POINT, WIS., CODE ("VFPC") § 14.04.

¶ 4.  The Fox Point Building Board refused to apply the fifty percent of value limitation in VFPC § 14.04 and conditionally approved the McGees' application to enlarge their house. The Hillises appealed to the Board of Appeals. The Board of Appeals directed the parties to brief the issue of whether the fifty percent rule applied to nonconforming buildings, or whether it applied instead to modification of buildings whose use was nonconforming. The parties were directed to assume, for purposes of briefing, that the McGees' residence was actually over the bluff line and thus did not conform to that structural requirement.

¶ 5.  After lengthy proceedings and briefing by both the Hillises and the McGees, the Board of Appeals rejected the Hillises' argument. The Board of Appeals concluded that the fifty percent rule did not apply to the McGees' residence because its use as a residence was in

150

conformity with the applicable zoning code. The Hillises sought *certiorari* from the circuit court to overturn the Board of Appeals' decision. The circuit court, after hearing and briefing, denied the *certiorari* request in a written memorandum and order. The Hillises now appeal that order.

## DISCUSSION

### A. Standard of review

¶6. "On appeal from a circuit court order or judgment entered on certiorari, an appellate court does not review the judgment or findings of the circuit court but rather reviews the record of the Board to which certiorari is directed." *Klinger v. Oneida County*, 149 Wis. 2d 838, 845 n.6, 440 N.W.2d 348 (1989).

> When no additional evidence is taken, statutory certiorari review is limited to: (1) whether the board kept within its jurisdiction; (2) whether it proceeded on a correct theory of law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the board might reasonably make the order or determination in question based on the evidence.

*State ex rel. Ziervogel v. Washington County Bd. of Adjustment*, 2004 WI 23, ¶ 14, 269 Wis. 2d 549, 676 N.W.2d 401. This standard of review is deferential with regard to factual findings; however, the interpretation of statutes and ordinances presents a question of law the reviewing court determines independently. *See State v. Ozaukee County Bd. of Adjustment*, 152 Wis. 2d 552, 559, 449 N.W.2d 47 (Ct. App. 1989) ("The rules

governing interpretation of ordinances and of statutes are the same."). Here, the facts are undisputed and straightforward. The dispute centers on the application of a village ordinance, and a state statute, to those facts. This is a question of law that we review independently.

## B. Fox Point ordinances

¶ 7. The Fox Point zoning ordinances involved here are substantially similar to WIS. STAT. § 62.23(7)(h),[1] which provides a statewide format by which municipalities may deal with nonconforming uses. In relevant part it states:

> The lawful use of a building or premises existing at the time of the adoption or amendment of a zoning ordinance may be continued although such use does not conform with the provisions of the ordinance. Such nonconforming use may not be extended. The total structural repairs or alterations in such a nonconforming building shall not during its life exceed 50 per cent of the assessed value of the building unless permanently changed to a conforming use. If such nonconforming use is discontinued for a period of 12 months, any future use of the building and premises shall conform to the ordinance.

██

¶ 8. A municipality may elect not to be barred by such statewide statutory standards if it specifically chooses to do so by adoption of a charter ordinance and rejection of specific statutory provisions pursuant to WIS. STAT. § 66.0101(a)(b). The charter ordinance must specifically reject the provisions the municipality does not wish to follow. Fox Point has not by ordinance specifically elected to reject the use of WIS. STAT.

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

§ 62.23(7)(h). Consequently, we must attempt to construe the village ordinances in a manner consistent with statutory provisions involving the same matters.

¶ 9.   The Village of Fox Point Code defines a "nonconforming use" as "[a]ny *use* of a building or premises which does not conform with the regulations of the district in which it is situated as provided for by this chapter." VFPC § 14.02(23) (emphasis added). A related ordinance, VFPC § 14.04, sets out additional provisions relative to nonconforming uses of property. It provides in relevant part:

> NONCONFORMING USES. Except as hereafter provided, any lawful nonconforming use existing on April 22, 1958 may be continued, but if a nonconforming use is discontinued for a period of 12 months, an [sic] future use of the building and premises shall conform to this chapter. (In residence, business, semi-business and institutional districts, nonconforming buildings existing on April 22, 1958 may be altered or reconstructed on the lot . . . provided that the value of such changes shall not exceed fifty percent (50%) of the assessed valuation of such buildings, and provided the use of such building[s] is not changed.)

¶ 10.   The effective date of VFPC § 14.04 is identified as April 22, 1958. If the building in question was used in a manner that was nonconforming to the then-existing zoning code, as Fox Point has defined that term, then the building is subject to the fifty percent limit on remodeling.

## C. The McGee house

█

¶ 11.   The McGees' house was built in 1927. There is no evidence that the house was ever used in any manner other than as a residence. There is no evidence

that use as a residence violated any applicable municipal zoning code prior to April 22, 1958. The Hillises cite no nonconformity as to use of the building, which nonconformity existed before April 22, 1958.

¶ 12.   In 1989, Fox Point adopted VFPC § 17.03 (hereafter, "bluff ordinance"). It provides:   "Except as hereinafter provided, no building or structure shall be erected on or over the slope of the lake bluff or on or over the slope of a ravine bank or at the foot of the lake bluff or ravine in the Village of Fox Point." The Hillises claim that the McGees' house violates § 17.03.

■

¶ 13.   The Board of Appeals assumed, for purposes of its decision, that the McGees' house was over the bluff line at some point on the house footprint. However, the Board of Appeals concluded that VFPC § 14.04, (the nonconforming use zoning ordinance), was intended to and did apply to the *use* to which the building was put, not to the physical structure of the building itself. With that interpretation, the Board of Appeals concluded that because the use was conforming to all zoning requirements in 1958, it did not become a "nonconforming use" simply because, thirty years later, an ordinance relating to the location of buildings was adopted by the Village. We agree with that conclusion.

¶ 14.   As the circuit court points out in its careful analysis, the first two sentences of VFPC § 14.04 must be read together. The first sentence permits continuation of a nonconforming *use,* unless that *use* is discontinued for a period of twelve months. The second sentence elaborates on what will happen to buildings, the *use* of which was nonconforming on April 22, 1958 or thereafter; the fifty percent of value limitation on modifications will be imposed. This reading is also consistent with the applicable provisions of WIS. STAT.

§ 62.23(7)(h). Both § 14.04 and § 62.23(7)(h) limit the repairs and improvements that can be made on a structure that is used in a manner that does not conform to uses permitted by applicable zoning codes. It is apparent that the purpose of these provisions is to ultimately eliminate structures that are being used in a manner not conforming to the zoning plan.

¶ 15. The public policy apparently advanced by both the statute and the ordinance is to balance the interests of property owners (in favor of their free use of private property), and the powers of a government entity (to control land use for the purpose of promoting public health, safety, and general welfare). *See Cohen v. Dane County Bd. of Adjustment*, 74 Wis. 2d 87, 90–91, 246 N.W.2d 112 (1976). The balancing method employed is to force the phase-out of uses that do not conform with the zoning plan (*e.g.*, a tavern in a residential area) by limiting the repairs and structural modifications permitted to buildings in which the nonconforming use is taking place. However, in this case, the use of the building is now, and always has been, in full conformity with the applicable zoning provisions; it was a residence when it was built, it was a residence when VFPC § 14.04 was adopted, and it remains a residence today in a geographic area that was and is zoned for residential use.

¶ 16. The approach urged by the Hillises contradicts the Wisconsin Supreme Court's recognition that the rights of municipalities and landowners must indeed be balanced. *See Cohen*, 74 Wis. 2d at 91 ("Zoning ordinances are in derogation of the common law and, hence, are to be construed in favor of the free use of private property."). We decline to take the path of upsetting that balance; we believe it reflects sound public policy and a change of the existing balance is a

policy matter for our supreme court. *See Margoles v. LIRC*, 221 Wis. 2d 260, 271–72 n.4, 585 N.W.2d 596 (Ct. App. 1998) ("[Court of Appeals] is an error-correcting court and we are not free to overrule precedent or set policy.").

## CONCLUSION

¶ 17.  We conclude that the Board of Appeals' interpretation of the Village of Fox Point Code was correct and is consistent with relevant Wisconsin statutes. The McGees' request was not subject to the fifty percent limitation found in VFPC § 14.04. We affirm the Board of Appeals' decision.

*By the Court.*—Order affirmed.