TOWN OF DELTON, Thomas W. Ritzenthaler, Crystal R. Ritzenthaler and Poplar Meadows, LLC, Plaintiffs-Respondents,

v.

Patrick J. LISTON, City of Baraboo Mayor, City of Baraboo, City of Baraboo Common Council, Cheryl M. Giese, City of Baraboo City Clerk and City of Baraboo Plan Commission, Defendants-Respondents.

Court of Appeals

*No. 2006AP1288. Submitted on briefs December 21, 2006.
—Decided March 29, 2007.*

2007 WI App 120

(Also reported in 731 N.W.2d 308.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Mark R. Reitz,* city attorney, Baraboo.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *William F. Greenhalgh, Esq.* of *Greenhalgh Legal Services*, Baraboo; and *Troy*

*M. Hellenbrand, Esq.* of *Hellenbrand & Hellenbrand S.C.*, Waunakee.

Before Lundsten, P.J., Vergeront and Higginbotham, JJ.

¶ 1. VERGERONT, J. The City of Baraboo[1] appeals the circuit court's declaratory judgment and its order that the City approve the preliminary plat of the Poplar Meadows subdivision. We agree with the circuit court that BARABOO, WI ORDINANCE (ORD.) § 18.02(8)(a) (1992) conflicts with WIS. STAT. § 236.13(2)(a) (2005–06)[2] to the extent it imposes, as part of its extraterritorial plat review jurisdiction, a minimum lot size where the lot or parcel is not served by a public sanitary sewer system. We further agree with the circuit court's conclusion that the ordinance provision is void to that extent and the City's denial of the preliminary plat approval based on that portion of the ordinance was in excess of its authority. Accordingly, we affirm the circuit court's declaratory judgment and its order that the City approve the preliminary plat.

## BACKGROUND

¶ 2. The facts are not in dispute. Thomas and Crystal Ritzenhaler own a forty-acre parcel of agricultural land in the Town of Delton. They developed a plan to convert this land into a new subdivision, Poplar Meadows, which would be comprised of twenty-one

---

[1] The Mayor, Plan Commission, City Clerk, and Common Council of the City of Baraboo are also parties to this action. However, because these defendants' interests in this action are the same as those of the City of Baraboo, we do not separately refer to them except when necessary to explain the factual background.

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

single family residential lots, each lot averaging between one and two acres in size. The Ritzenthalers presented this proposal to the Town of Delton and the Town approved the preliminary plat.

¶ 3. The Ritzenthalers' land is located within three miles of the City and therefore subject to the City's "extraterritorial plat approval jurisdiction." *See* WIS. STAT. § 236.02(5). Under WIS. STAT. § 236.45(3),[3] the City may regulate the subdivision of land in extraterritorial plats. The City has an ordinance providing that the "minimum lot or parcel size for a lot or parcel to be used for residential purposes where the lot or parcel is not served by a public sanitary sewer system shall be 20 acres per dwelling unit." ORD § 18.02(8)(a).[4]

---

[3] WISCONSIN STAT. § 236.45(3) provides:

AREAS IN WHICH SUBDIVISION ORDINANCES APPLY. An ordinance adopted hereunder by a municipality may regulate the division or subdivision of land within the extraterritorial plat approval jurisdiction of the municipality as well as land within the corporate limits of the municipality if it has the right to approve or object to plats within that area under s. 236.10(1)(b)2. and (2).

[4] The text of BARABOO, WI ORDINANCE (ORD.) § 18.02(8)(a) (1992) is:

(8) MINIMUM LOT OR PARCEL SIZE FOR LOTS OR PARCELS NOT SERVED BY PUBLIC SANITARY SEWER SYSTEM.

*General Regulations.* (1909 05/11/1992) In order to maintain the quality of a subdivision or minor land division and the orderly layout and use of land and to prevent undue concentration of population using private sanitary systems and to protect the groundwater and the environment and to insure the best possible environment for human occupation, it is necessary in the public health, safety, and welfare to establish minimum lot or parcel sizes for any lot or parcel not served by a public sanitary sewer system . . . . The minimum lot or parcel size for a lot or parcel to be used for residential purposes where the lot or parcel is not served by a public sanitary sewer system shall be 20 acres per dwelling unit. The minimum lot or parcel size for a lot or parcel to be used

¶ 4.   Upon learning the subdivision was within the City's extraterritorial plat approval jurisdiction, the Ritzenthalers applied to the City for a variance or special exception[5] to the requirements of ORD. 18.02(8)(a). Initially, the Common Council approved the Ritzenthalers' application for a special exception to the requirement of a minimum lot size of twenty acres for all land divisions for residential purposes not served by a public sanitary sewer system. However, the Mayor subsequently vetoed the Council's action. The Ritzenthalers thereafter submitted the preliminary plat to the Plan Commission for approval and it was rejected based on noncompliance with ORD. 18.02(8)(a). The City informed the Ritzenthalers that the rejection was based on the city engineer's recommendation to deny approval because "the proposed lot size within the subdivision is less than 20 acres for each lot . . . [and] is not served by a public sanitary sewer system."

¶ 5.   The Ritzenthalers, the Town of Delton, and Poplar Meadows, LLC filed a complaint in the circuit court seeking a declaratory judgment that ORD. § 18.02(8)(a) is unlawful and unenforceable when applied extraterritorially. The complaint also seeks certio-

---

for a commercial, business, or industrial use where the lot or parcel is not served by a public sanitary sewer system shall be 20 acres. In order to meet the minimum lot or parcel size requirements of this subsection, the lot or parcel shall be a single piece of contiguous land excluding from the area measurement any street or railroad right-of-way, or navigable waterway.

[5] The record shows that the parties used the term "variance" and "special exception" without distinguishing between the two. In summarizing the record, we employ the term or terms actually used and assume, as do the parties, that there is no distinction between these terms for purposes of this appeal.

rari review of the decision to deny preliminary plat approval. *See* Wis. Stat. § 236.13(5).[6]

¶ 6. The circuit court concluded that Wis. Stat. § 236.13(2)(a), as interpreted by *Rice v. City of Oshkosh*, 148 Wis. 2d 78, 81, 435 N.W.2d 252 (1989), prohibits municipalities from imposing specifications pertaining to public improvements within their extraterritorial plat review jurisdiction. It rejected the City's argument that ORD. 18.02(8)(a) regulates only minimum lot size and does not mandate a public improvement. It therefore declared the ordinance void to the extent it requires lots less than twenty acres to have public sanitary sewer systems. The court also determined that the City had conditioned its approval of Poplar Meadows upon the requirement that the subdivision make or install a public sanitary sewer system. It therefore concluded the City had acted in excess of its authority in denying preliminary plat approval and ordered the City to approve the preliminary plat.

## DISCUSSION

¶ 7. On appeal, the City renews it argument that ORD. 18.02(8)(a) does not mandate public improvements in its extraterritorial plat review jurisdiction and therefore it does not conflict with Wis. Stat. § 236.13(2)(a).[7]

---

[6] WISCONSIN STAT. § 236.13(5) provides: "Any person aggrieved by an objection to a plat or a failure to approve a plat may appeal therefrom. . . . The court shall direct that the plat be approved if it finds that the action of the approving authority . . . is arbitrary, unreasonable or discriminatory."

[7] The City argues that the issue is moot because, after the circuit court's decision, the City repealed ORD. 18.02(8)(a) and replaced it with a provision that required the minimum lot size in the extraterritorial plat jurisdiction to be thirty-five acres,

¶ 8.  The dispute in this case involves the interpretation of a city ordinance and its relation to the statutes governing the subdivision of land. The interpretation of an ordinance, like statutory interpretation, presents a question of law, which we review de novo.[8] *Hillis v. Village of Fox Point Bd. of Appeals*, 2005 WI App 106, ¶ 6, 281 Wis. 2d 147, 699 N.W.2d 636.

¶ 9.  WISCONSIN STAT. ch. 236 regulates the subdivision of land. WIS. STAT. § 236.01. WISCONSIN STAT. § 236.45[9] grants a municipality, town, or county a broad

---

with no public sewage requirement. However, the City very soon thereafter reinstated the original ordinance. The issue is not moot because the challenged ordinance provision is currently in effect and affects the respondents.

[8] As noted earlier, the complaint in this action seeks both a declaratory judgment and review by certiorari. Although the court's decision whether to grant declaratory relief is discretionary, we review de novo questions of law involved in that decision. *Commercial Union Midwest Ins. Co. v. Vorbeck*, 2004 WI App 11, ¶ 7, 269 Wis. 2d 204, 674 N.W.2d 665. Where, as here, a review by certiorari raises the question whether the decision-making body acted outside its authority, we review the decision of that body, not that of the circuit court, and our review is de novo. *Manthe v. Town Bd. of Windsor*, 204 Wis. 2d 546, 551, 555 N.W.2d 167 (Ct. App. 1996).

[9] WISCONSIN STAT. § 236.45(1)-(2) provide:

> **(1)** DECLARATION OF LEGISLATIVE INTENT. The purpose of this section is to promote the public health, safety and general welfare of the community and the regulations authorized to be made are designed to lessen congestion in the streets and highways; to further the orderly layout and use of land; to secure safety from fire, panic and other dangers; to provide adequate light and air, including access to sunlight for solar collectors and to wind for wind energy systems; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate adequate provision for transportation, water, sewerage, schools, parks, playgrounds

range of powers to regulate the subdivision of land. In certain instances, ch. 236 grants power to more than one governing body to regulate the same parcel of land. *See e.g.* Wis. Stat. § 236.10, Wis. Stat. § 236.45(3); Wis. Stat. § 236.13(4). However, regarding the installation of public improvements, § 236.13(2)(a) grants specific authority to the town or municipality within which the subdivision lies to choose to require that the subdivider make and install any public improvements as a further condition of plat approval. Section 236.13(2)(a) provides:

and other public requirements; to facilitate the further resubdivision of larger tracts into smaller parcels of land. The regulations provided for by this section shall be made with reasonable consideration, among other things, of the character of the municipality, town or county with a view of conserving the value of the buildings placed upon land, providing the best possible environment for human habitation, and for encouraging the most appropriate use of land throughout the municipality, town or county.

(2) DELEGATION OF POWER. (a) To accomplish the purposes listed in sub. (1), any municipality, town or county which has established a planning agency may adopt ordinances governing the subdivision or other division of land which are more restrictive than the provisions of this chapter. Such ordinances may include provisions regulating divisions of land into parcels larger than 1 1/2 acres or divisions of land into less than 5 parcels, and may prohibit the division of land in areas where such prohibition will carry out the purposes of this section. Such ordinances shall make applicable to such divisions all of the provisions of this chapter, or may provide other surveying, monumenting, mapping and approving requirements for such division. The governing body of the municipality, town, or county shall require that a plat of such division be recorded with the register of deeds and kept in a book provided for that purpose . . . .

(b) This section and any ordinance adopted pursuant thereto shall be liberally construed in favor of the municipality, town or county and shall not be deemed a limitation or repeal of any requirement or power granted or appearing in this chapter or elsewhere, relating to the subdivision of lands.

> As a further condition of approval, the governing body of the town or municipality within which the subdivision lies may require that the subdivider make and install any public improvements reasonably necessary or that the sub divider execute a surety bond or provide other security to ensure that he or she will make those improvements within a reasonable time.

¶ 10. In *Rice*, 148 Wis. 2d at 81, the supreme court held that Wɪs. Sᴛᴀᴛ. § 236.13(2)(a) grants the power to condition plat approval on installation of public improvements "solely to the governing body within which the subdivision lies." It therefore rejected the contention that a city had the authority to require public improvements in its extraterritorial plat review jurisdiction. *Id.* at 84–87. In rejecting policy arguments that might support a city having that authority, the court stated that the legislature had already made the following policy choice as expressed in the language of § 236.13(2)(a):

> Public improvements are subject to the political and financial base of the area directly involved. In the case before us, the City is not financially responsible for the public improvements they require . . . .The legislature left this decision of public improvements to the governmental unit most accountable for such decisions . . . .

*Id.* at 91.

■

¶ 11. A municipality may not circumvent Wɪs. Sᴛᴀᴛ. § 236.13(2)(a) by conditioning plat approval on requirements that compel another municipality to implement and maintain public improvements. *See Rogers Dev. Inc. v. Rock County Planning & Dev. Comm.*, 2003 WI App 113, ¶ 18, 265 Wis. 2d 214, 666 N.W.2d 504.

¶ 12.  The parties in this case do not dispute that a public sanitary sewer system is a public improvement. Rather, the dispute is whether ORD. 18.02(8)(a)'s requirement of a public sanitary sewer system for lots smaller than twenty acres is a lot size regulation or a mandate of extraterritorial public improvements in violation of WIS. STAT. § 236.13(2)(a) as construed in *Rice*. The City argues "that a condition on minimum lot size that allows smaller lots where those lots are served by a public sanitary sewer system is not the same as requiring that the subdivision actually install a public sanitary sewer system." We conclude that the City's proffered distinction is not meaningful in light of the court's holding and reasoning in *Rice*. The ordinance provision plainly has the effect of requiring a public sanitary sewer system for lot sizes smaller than twenty acres. We agree with the circuit court that this aspect of the ordinance cannot be reconciled with § 236.13(2)(a), as construed in *Rice*:   the City is requiring a public improvement for lots of certain sizes even though the City is not financially responsible for those improvements.

¶ 13.  The City's characterization of the reason it denied the preliminary plat approval does not avoid the conflict with WIS. STAT. § 236.13(2)(a) as construed in *Rice*. The City contends it denied approval simply because the proposed subdivision did not meet the minimum lot size requirement. However, it is also true that, had there been a public sanitary sewer system, the City would not have denied approval because of lot size. The fact that the ordinance does not require a public sanitary sewer system for all lot sizes does not alter the fact that it does impose that requirement for lot sizes smaller than twenty acres. Similarly, the fact that a purpose of the ordinance is to regulate lot size does not

729

alter the fact that the City has chosen to accomplish this purpose by mandating a public sanitary sewer system for smaller lot sizes.[10]

¶ 14.    We conclude that ORD. § 18.02(8)(a) conflicts with WIS. STAT. § 236.13(2)(a) as construed by *Rice* to the extent that it imposes, in its extraterritorial plat review jurisdiction, a minimum lot size of twenty acres where the lot or parcel is not served by a public sanitary sewer system. To that extent, the ordinance provision is void. Because the City denied preliminary plat approval of Poplar Meadows on the ground that the lots were less than twenty acres and not served by a public sanitary sewer system, it acted in excess of its authority. Accordingly, we affirm the circuit court's declaratory judgment and its order that the City approve the preliminary plat.[11]

*By the Court.*—Judgment affirmed.

[10] It is unnecessary to address the City's contention that it has the authority to regulate minimum lot sizes as part of its extraterritorial jurisdiction.

[11] Because we affirm on these grounds, we do not address the respondents' arguments that the Mayor did not have the authority to veto the Common Council's grant of the variance; the City failed to take timely action; and the ordinance and plat rejection constitute an impermissible attempt to zone.