Evelyn PROPP, Plaintiff-Respondent,

v.

SAUK COUNTY BOARD OF ADJUSTMENT,
Defendant-Appellant.†

Court of Appeals

*No. 2009AP209. Submitted on briefs August 10, 2009.
—Decided January 7, 2010.*

2010 WI App 25

(Also reported in 779 N.W.2d 705.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michele M. Ford* of *Crivello Carlson S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Richard A. Lehmann* and *Richard L. Bolton* of *Boardman, Suhr, Curry & Field LLP*, Madison.

Before Lundsten, Higginbotham and Bridge, JJ.

¶ 1. BRIDGE, J. The Sauk County Board of Adjustment appeals an order of the circuit court reversing the Board's decision to deny Evelyn Propp's application for a special land use permit under WIS. STAT. § 59.692(1v) (2007–08)[1] and Sauk County Shoreland Protection Ordinance § 8.06 (May 2003).[2] The Board contends the circuit court erred in its interpretation of the terms "floor area" and "structure" which appear in § 59.692(1v)(b) as well as § 8.06(6)(b), and thus incor-

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

[2] All references to SAUK COUNTY SHORELAND PROTECTION ORDINANCE § 8.06 are to the May 2003 version unless otherwise noted. Section 8.06(2) provides:

> Shoreline setbacks. All buildings and structures, except piers, wharves, boathouses, boat hoists, boat shelters, stairways, walkways, lifts, landings, and open fences shall be set back at least 75 feet from the ordinary high water mark and shall meet the building requirements of this ordinance.

rectly determined that Propp satisfied the requirements of both, thereby entitling her to the permit. We disagree and affirm the circuit court.

## BACKGROUND

¶ 2. Propp owns a house located on Lake Wisconsin with a walkout basement on the lakeside. She began construction on a deck above the walkout area. The deck was to be forty feet along the house and was to extend fifteen feet toward the lake. The first five feet from the house is seventy-five feet or more from the shoreline. When completed, the remaining ten by forty feet part of the deck (a total of 400 square feet) would be within a protected seventy-five feet shoreland setback area in violation of SAUK COUNTY SHORELAND PROTECTION ORDINANCE § 8.06(2), which requires that all decks be at least seventy-five feet from the lakeshore. After construction of the deck had begun, the Sauk County Planning and Zoning Department determined the ten by forty feet part of the deck violated § 8.06(2) and issued Propp a notice of violation.

¶ 3. Propp then applied for a special land use permit under WIS. STAT. § 59.692(1v) and SAUK COUNTY SHORELAND PROTECTION ORDINANCE § 8.06(6). Propp proposed to remove approximately the outermost five feet of deck floorboards, leaving 200 square feet within the shoreland setback area. According to Propp, the remaining deck would be in compliance with a statute, and a corresponding ordinance, that require granting a special permit for structures with a total floor area not exceeding 200 square feet. Section 59.692(1v) provides:

> A *county shall grant special zoning permission for the construction or placement of a structure on property in a shoreland setback area if all of the following apply:*

499

(a) The part of the structure that is nearest to the water is located at least 35 feet landward from the ordinary high-water mark

(b) *The total floor area of all of the structures in the shoreland setback area of the property will not exceed 200 square feet.* In calculating this square footage, boathouses shall be excluded.

(c) The structure that is the subject of the request for special zoning permission has no sides or has open or screened sides.

(d) The county must approve a plan that will be implemented by the owner of the property to preserve or establish a vegetative buffer zone that covers at least 70% of the half of the shoreland setback area that is nearest to the water. (Emphasis added.)

Similarly, § 8.06(6) provides in relevant part:

Structures/gazebos within the shoreland setback area. Pursuant to Wis. Stats. § 59.692(1v), a Special Land Use Permit shall be issued for a structure within the shoreland setback area providing all of the following conditions are met:

. . . .

(b) *The total floor area of all the structures existing and proposed in or extending into the shoreland area of the property shall not exceed 200 square feet of floor area.* In calculating this square footage, boat houses, boat hoists, boar shelters, stairs, lifts, landings, retaining walls, piers and wharves shall not be included. (Emphasis added.)

Section 59.692(1v) further provides that a county "shall grant special zoning permission for the construction or placement of a structure" if the statute's criteria are met.

500

¶ 4. Propp's proposal leaves the deck support system in place, but removes enough of the deck floorboards so that the remaining part of the deck floor in the shoreland setback area is 200 square feet. The support system apparently includes exposed floor joists, an I-beam and two posts.

¶ 5. Propp took the position that by removing a portion of the floorboards, she would meet the provisions of Wis. Stat. § 59.692(1v) and Sauk County Shoreland Protection Ordinance. § 8.06(6) because, although the deck would extend into the shoreland setback area, the total floor area of the deck would not exceed 200 feet.[3] The Department denied Propp's application, stating that, "despite the proposed removal of deck surface, the remaining substructure encroaches on the shoreland setback area in excess of the maximum allowable 200 s.f."

¶ 6. Propp challenged the Department's decision before the Board, and the Board also denied her application for a special land use permit. Propp then sought review of the Board's decision in circuit court. The court rejected the Board's argument that the term "floor area" should be construed to include the total area within the perimeter of the deck's support system. Instead, the court determined that the term "floor area" unambiguously refers to the portion of the deck upon which a person can stand. The Board appeals.

---

[3] This is the only requirement of Wis. Stat. § 59.692(1v) and Sauk County Shoreland Protection Ordinance § 8.06(6) at issue here. Thus, for example, it is not disputed that Propp would provide the requisite "vegetative buffer zone" and meet the remaining requirements of the statute and ordinance. *See* § 59.692(1v)(d).

## DISCUSSION

¶ 7. The Board defends its decision on two distinct grounds. First, the Board contends that the term "floor area" includes the entire footprint of the structure supporting a floor, not just the portion upon which a person is able to stand. Second, the Board contends that, even if "total floor area" includes only the area covered with floorboards, Propp's proposal still does not meet the total floor area limit of 200 square feet because the floor area calculation must include the "total floor area" of the "structure," including portions of that structure outside the protected shoreland setback area. We reject both arguments.

¶ 8. Before proceeding to the merits, we note that the Board devotes considerable space in its briefing to its contention that our review is of the *Board's* decision, not the circuit court's decision. Propp does not dispute the Board's contention, and does not suggest our review is anything other than by certiorari. She has therefore conceded the issue. *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) (a proposition asserted on appeal and not disputed is taken as admitted.)

■■

¶ 9. On certiorari, we review the decision of the Board, not that of the circuit court, and we do so de novo. *State ex rel. Sprewell v. McCaughtry*, 226 Wis. 2d 389, 393, 595 N.W.2d 39 (Ct. App. 1999). Our review on certiorari is limited to:

(1) whether the Board kept within its jurisdiction;
(2) whether it proceeded on the correct theory of law;
(3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judg-

502

ment; and (4) whether the Board might reasonably make the order or determination in question, based on the evidence.

*State v. Waushara County Bd. of Adjustment,* 2004 WI 56, ¶ 12, 271 Wis. 2d 547, 679 N.W.2d 514.

■

¶ 10. Our certiorari review in the present matter raises the question of whether the Board proceeded on a correct theory of law when it denied Propp's application for a special land use permit. Our analysis begins with the interpretation of the term "floor area" in both Wis. Stat. § 59.692(1v) and Sauk County Shoreland Protection Ordinance § 8.06(6)(b). Statutory and ordinance interpretation present questions of law subject to our de novo review. *See Town of Delton v. Liston,* 2007 WI App 120, ¶ 8, 301 Wis. 2d 720, 731 N.W.2d 308. We occasionally accord deference to an interpretation adopted by a board or agency, *see, e.g., Board of Regents of the Univ. of Wis. v. Dane County Bd. of Adjustment,* 2000 WI App 211, ¶ 11, 238 Wis. 2d 810, 618 N.W.2d 537, and the Board argues we should do so here. However, for reasons we discuss below, our interpretation of the term "floor area" would be the same regardless of the level of deference accorded to the Board's interpretation.

A. The "Floor Area" Within the Shoreland Setback

¶ 11. The Board contends that the term "floor area" unambiguously includes the entire footprint of the structure supporting a floor, not just the portion upon which a person is able to stand. As a result, the Board argues, the circuit court erred in determining that by removing the outermost five feet of the deck flooring, the total square footage would be reduced to

200 square feet, thereby requiring that Propp be granted special zoning permission under WIS. STAT. § 59.692(1v) and SAUK COUNTY SHORELAND ZONING ORDINANCE § 8.06.

¶ 12. Propp also argues that the term "floor area" is unambiguous. According to Propp, however, the term is plain and commonly understood to refer to a horizontal surface on which one may stand.

■■■■

¶ 13. Our interpretation of a statute begins with the statutory text, which is given its common, ordinary, and accepted meaning, except that technical or specially defined words are given their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the context within which it is used, "not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.,* ¶ 46. If this process of analysis yields a plain meaning, then there is no ambiguity and we apply that plain meaning. *Id.* We apply the same rules of interpretation to ordinances as we do to statutes. *State ex rel. Village of Newburg v. Town of Trenton,* 2009 WI App 139, ¶ 12, 321 Wis. 2d 424, 773 N.W.2d 500.

¶ 14. Upon our de novo review of the term "floor area" in both WIS. STAT. § 59.692(1v)(b) and SAUK COUNTY SHORELAND PROTECTION ORDINANCE § 8.06(6)(b), we conclude that the meaning of the term is plain and unambiguous, and that it is consistent with the circuit court's interpretation.

¶ 15. As noted above, WIS. STAT. § 59.692(1v) provides in relevant part that "[a] county shall grant special zoning permission for the construction or place-

ment of a structure on property in a shoreland setback area if . . . (b) The total *floor area* of all of the structures in the shoreland setback area of the property will not exceed 200 square feet." (Emphasis added.) SAUK COUNTY SHORELAND PROTECTION ORDINANCE § 8.06(6) similarly provides that "a Special Land Use Permit shall be issued for a structure within the shoreland setback area provid[ed] . . . (b) The total *floor area* of all the structures existing and proposed in or extending into the shoreland area of the property shall not exceed 200 square feet of floor area . . . ." (Emphasis added.) However, neither ch. 59 nor ch. 8 define the term.

¶ 16. When a term is used in a statute or ordinance but is not specifically defined, the common and approved usage of the word or phrase applies. *Sullivan Bros., Inc. v. State Bank of Union Grove*, 107 Wis. 2d 641, 646, 321 N.W.2d 545 (Ct. App. 1982); *see also Marris v. City of Cedarburg*, 176 Wis. 2d 14, 32, 498 N.W.2d 842 (1993). The term "floor" is defined as "the bottom or lower part of any room: the part of a room upon which one stands." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 873 (1993).

¶ 17. As the circuit court aptly explained:

The problem with [the Board's] definition is that there are much more common and appropriate methods of describing the total square footage enclosed by a structure, such as the "footprint" of the structure, the total area of the structure, or even just saying the total size of the structure itself. However, the legislature chose to use the word "floor" which in common understanding and by dictionary definition references at the very least a surface upon which a person can stand. It would be inappropriate to construe the term "floor area" to mean the total size of the structure in square footage. The use

of the word floor clearly represents a choice of referring to the size of the portion of the deck upon which a person can stand, or the floored area.

Similarly, we conclude that the term "floor area" unambiguously encompasses only the surface portion of Propp's deck floorboards and, therefore, does not include portions of the deck's support system that extend beyond the floorboards.

■■

¶ 18. The Board asserts that the circuit court's interpretation contravenes the purpose of state shoreland zoning standards such as those embodied in WIS. STAT. § 59.692(1v) and SAUK COUNTY SHORELAND PROTECTION ORDINANCE § 8.06(6) in that it would allow structures of any size without floorboards to be located within the setback area. Propp responds that the Board's position conflicts with the purpose of § 59.692(1v) which protects the property rights of private owners and mandates that zoning permission must be granted to a property owner who proposes structural development complying with four specific criteria. *See Cohen v. Dane County Bd. of Adjustment*, 74 Wis. 2d 87, 91, 246 N.W.2d 112 (1976). However, resolution of the present dispute does not necessitate an inquiry into the underlying purposes of either § 59.692(1v) or § 8.06(6). Our interpretation is based on the plain meaning of the statute and ordinance and, because we see no ambiguity in the term used in both, we need not resort to extrinsic sources of legislative intent, *see Kalal*, 271 Wis. 2d 633, ¶ 44, or to further rules of statutory construction. "Judicial deference to the policy choices enacted into law by the legislature requires that statutory interpretation focus primarily on the language of the statute. We assume that the legislature's intent is expressed in the statutory language." *Id.* We do so here.

¶ 19. Finally, the Board contends that ignoring the structure and counting only the floor area leads to absurd results because parties may build structures as large as they want in protected setback areas, so long as they restrict the areas covered in flooring to 200 square feet. We disagree, at least with the proposition that our interpretation will prompt people to build support systems that are larger than needed to support flooring.

¶ 20. Notably, the Board does not suggest why anyone would want to build a structure substantially larger than the floor it supports. We acknowledge that in some situations, terrain and ground conditions might be such that it would be cheaper or more structurally sound to place support system footings beyond the perimeter of the deck. But this possibility does not render our construction absurd. As the circuit court noted, it is unlikely that anyone would want to build a structure to support 200 square feet of flooring that is substantially larger than the area covered by that flooring.

¶ 21. Here, there is no doubt that if Propp had realized that her deck was too large, she would not have built her supporting structure too large. She will end up with support beams that extend, with no purpose, an extra five feet beyond her deck flooring and railing.

¶ 22. Therefore, we conclude that the term "floor area" encompasses only the portion of Propp's deck upon which a person is able to stand and does not include the area of the deck's support system.

B. The Floor Area of the Entire "Structure"

¶ 23. To make sense of the Board's second argument, one must recall that the first five feet of Propp's deck is outside the seventy-five foot shoreland setback area. Thus, her proposed deck is 400 square feet com-

prised of two areas, one five by forty feet area beyond the seventy-five foot line and a similarly sized area inside the line.

¶ 24. The Board notes that the term "floor area" is modified by the word "total." According to the Board, even if "total floor area" includes only the area covered with floorboards, Propp's proposal still does not meet the total floor area limit of 200 square feet because the floor area calculation must include the "total floor area" of the "structure." Thus, the Board contends, Propp's proposed deck still does not comply because the floor area of the entire "structure" includes the portion of the structure beyond seventy-five feet from the lake and when this is added, the total is 400 square feet. We conclude that this interpretation is not reasonable.

¶ 25. First, the interpretation is inconsistent with the plain language of Wis. Stat. § 59.692(1v)(b), which reads: "The total floor area of all of the structures *in* the shoreland setback area," and Sauk County Shoreland Zoning Ordinance § 8.06(6)(b), which reads: "The total floor area of all the structures . . . *in or extending into* the shoreland area . . . ." (Emphasis added.) Thus, both the statute and ordinance limit the structures to be considered to those in the setback area. If a portion of a structure is outside the setback area, it is not in the setback area and it is not the portion "extending into" that area. *See* § 8.06(6)(b).

¶ 26. Second, the Board's interpretation would lead to absurd results. For example, suppose a lake home situated eighty feet from a lake has a wrap-around deck on three sides with a total floor area of 600 square feet. Suppose further that most of the flooring is on the side opposite the lake and just 120 square feet is on the lakeside (six feet toward the lake and twenty feet

wide) with just twenty square feet of that within the protected seventy-five feet setback. Under the Board's interpretation, a deck such as this would not comply because even though the great bulk of the deck floor is beyond the protected area and just twenty square feet of it protrudes into the protected area, the total floor area of the structure exceeds 200 square feet. In contrast, a 200 square feet deck with all of its floor in the protected setback would comply. This makes no sense.[4]

¶ 27. Accordingly, we reject the Board's "structure" argument.

## CONCLUSION

¶ 28. For the reasons discussed above, we affirm the order of the circuit court.

*By the Court.*—Order affirmed.

---

[4] Moreover, does it matter that the deck is affixed to a lake house? Does the lake house become part of the structure for purposes of calculating floor area? The Board does not address the issue.