Yassin HUSSEIN and
Germantown Auto Sales, LLC,
Petitioners-Respondents,

v.

VILLAGE OF GERMANTOWN BOARD OF ZONING APPEALS,
Respondent-Appellant.†

Court of Appeals

*No. 2010AP2178. Submitted on briefs April 14, 2011.
—Decided May 25, 2011.*

2011 WI App 96

(Also reported in 800 N.W.2d 551.)

† Petition for Review filed.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Raymond J. Pollen* and *Remzy D. Bitar* of *Crivello Carlson, S.C.*, Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *James W. Hammes* of *Cramer, Multhauf & Hammes, LLP*, Waukesha.

Before Neubauer, P.J., Anderson and Reilly, JJ.

¶ 1. REILLY, J.  The issue presented in this appeal is whether a conditional use permit (CUP) remains enforceable after a municipality amends its zoning code to remove from the zoning district at issue the conditional use that is the basis for the CUP. We hold that a revision to a municipality's zoning code that causes a property to become a legal nonconforming use results in the CUP losing its enforceability and the property gaining the vested right to continue its historically allowed use.

## FACTS

¶ 2. In 1973, Germantown Auto Sales applied for and received a CUP to operate a repair shop, service station, and to sell cars on its property.[1] The village of Germantown granted the CUP, on the condition that "[c]ars are not to exceed 25 in number, and are to be parked in orderly rows." The village also agreed to rezone the property from a "planned unit development" to a "business zoning district." In 1978, the village amended its zoning code and rezoned Germantown Auto Sales as a "general business district." Under the new general business district zoning classification, repair shops, body shops, and selling cars were classified as conditional uses. Then, in 1988, the village revised its zoning code and eliminated selling cars as a conditional use in general business districts. Both parties agree that the effect of the 1988 revisions was to transform Germantown Auto Sales' used car lot into a legal nonconforming use.

¶ 3. Yassin Hussein acquired Germantown Auto Sales in approximately 2002. Hussein continued to sell cars and operate the auto repair and body shop businesses of Germantown Auto Sales.

¶ 4. By 2009, Hussein wanted to increase the amount of parked cars that were allowed at Germantown Auto Sales. He therefore requested that the village rezone his property from a general business district to a "highway business district," as selling cars is permitted as a conditional use in highway business

---

[1] The record does not clarify when the property in question became "Germantown Auto Sales, LLC," or what its previous name was. For ease of reference, we will refer to the property as Germantown Auto Sales and indicate if it was under the ownership of Yassin Hussein or previous owners.

districts but not in general business districts. In the event that the village agreed to rezone Hussein's property, he also asked for a new CUP that would allow him to park 110 vehicles at Germantown Auto Sales. The village denied both requests and demanded that Hussein bring Germantown Auto Sales into compliance with the 1973 CUP.

¶ 5.   Hussein responded to the village's decision by filing an application for a hearing before the Germantown Board of Zoning Appeals. After a hearing, the Board determined that the 1973 CUP still applied. Additionally, the Board found that Hussein could not ask for an amendment to the 1973 CUP and that the village could not seek to further restrict the terms of the CUP. The Board also warned Germantown Auto Sales that a violation of the conditions of the CUP could lead to revocation of the CUP.

¶ 6.   Germantown Auto Sales then commenced a certiorari action in circuit court to contest the Board's decision. The circuit court reversed the Board's decision. The court noted that the village put Hussein in a "catch 22" position—the village would not allow Hussein to expand the twenty-five car limit, but at the same time Hussein could not seek to modify the CUP because Germantown Auto Sales is zoned as a general business district, which does not permit the sale of cars as a conditional use. The circuit court ruled that when the village amended its zoning code in 1988, Germantown Auto Sales was left with a legal nonconforming use. Thus, if Hussein wants to expand the parking limits at Germantown Auto Sales, the court stated that he does so "at his peril," and "bears the burden of establishing that the expansion is authorized by law or he runs the risk of forfeiting his right to conduct these business activities."

¶ 7.   The Board appealed.

## STANDARD OF REVIEW

¶ 8. Certiorari is a mechanism by which a court may review a decision rendered by a municipality, an administrative agency, or an inferior tribunal. *Ottman v. Town of Primrose*, 2011 WI 18, ¶ 34, 332 Wis. 2d 3, 796 N.W.2d 411. In a common law certiorari action, the circuit court does not take new evidence and instead limits its review to the same record that was presented to the tribunal below. *State ex rel. Brookside Poultry Farms, Inc. v. Jefferson County Bd. of Adjustment*, 131 Wis. 2d 101, 119, 388 N.W.2d 593 (1986). We therefore review the record of the Board of Zoning Appeals and not the circuit court's decision. *Hillis v. Village of Fox Point Bd. of Appeals*, 2005 WI App 106, ¶ 6, 281 Wis. 2d 147, 699 N.W.2d 636.

¶ 9. Our standard for reviewing the Board's record is: (1) whether the Board kept within its jurisdiction; (2) whether the Board acted according to law; (3) whether the Board's action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence supports the Board's decision. *Brookside Poultry Farms*, 131 Wis. 2d at 119–120.

¶ 10. Our interpretation of the zoning ordinances in this case is a question of law that we review de novo. *Fabyan v. Waukesha County Bd. of Adjustment*, 2001 WI App 162, ¶ 12, 246 Wis. 2d 851, 632 N.W.2d 116.

## DISCUSSION

¶ 11. It is important to understand that the issue presented to the Board and to this court is not whether

769

Germantown Auto Sales violated its status as a legal nonconforming use. The issue presented was, and is, whether the village had the power to enforce the 1973 CUP against Germantown Auto Sales after the village revised its zoning code in 1988 and eliminated selling cars as a conditional use in general business districts.

¶ 12. A permitted use of property differs from a conditional use in that a permitted use is a matter of right, whereas a conditional use is one that a municipality will allow, but only in a controlled manner. *Town of Rhine v. Bizzell*, 2008 WI 76, ¶ 20, 311 Wis. 2d 1, 751 N.W.2d 780. A nonconforming use is the use of property in a manner not allowed by the municipality. *Waukesha County v. Seitz*, 140 Wis. 2d 111, 114–115, 409 N.W.2d 403 (Ct. App. 1987) (*Seitz I*). A *legal* nonconforming use, however, is when "there is an active and actual use of the land and buildings which existed prior to the commencement of the zoning ordinance [that banned the use] and which has continued in the same or a related use until the present." *Id.* at 115. Legal nonconforming uses are protected because of concerns that retroactive application of zoning ordinances would be unconstitutional. *Town of Cross Plains v. Kitt's Field of Dreams Korner, Inc.*, 2009 WI App 142, ¶ 18, 321 Wis. 2d 671, 775 N.W.2d 283, *review denied*, 2010 WI 5, 322 Wis. 2d 124, 779 N.W.2d 177 (Dec. 14, 2009) (No. 2008AP0546).

¶ 13. We hold that in 1988 when the village eliminated the selling of cars as a conditional use in general business districts that Hussein's 1973 CUP was voided, and Hussein was instead left with a legal nonconforming use to sell cars. A CUP, by its very name, can only be granted to uses that are defined as *conditional* in a

770

zoning code. When the village eliminated the sale of cars as a conditional use it lost the power to grant a CUP for such activity. Thus, the village cannot enforce the strictures of the 1973 CUP against Hussein.

¶ 14.   We must also make clear that our holding does not mean that Hussein may use his property in any fashion he wishes. As we have previously said, "if there is an identifiable change in the [legal nonconforming] use, the enlargement is illegal. If the expansion is a result of a mere increase in the historically allowed use, the enlargement or expansion will be allowed subject to regulatory markers." *Waukesha County v. Pewaukee Marina, Inc.*, 187 Wis. 2d 18, 27, 522 N.W.2d 536 (Ct. App. 1994) (*Seitz II*). Therefore, Hussein may continue to operate Germantown Auto Sales in accordance with the historical use of the property. If Hussein goes beyond the historical use of the property, the village may seek to eliminate Germantown Auto Sales' status as a legal nonconforming use.

## CONCLUSION

¶ 15.   We affirm the circuit court's decision that the Germantown Board of Zoning Appeals did not act according to law.

*By the Court.*—Order affirmed.