PER CURIAM.
¶1 One Badger, LLC, appeals a circuit court order affirming a decision of the Waukesha County Board of Adjustment ("the Board"). The Board had denied the appeal of an administrative decision to declare a zoning violation with respect to property owned by One Badger. For the reasons that follow, we affirm.
¶2 One Badger is a limited liability company created by Wallace and Ann Burt. In December 2015, One Badger purchased a single family residential property located on Pewaukee Lake in the Town of Delafield. That property, which we will refer to as the "Badger Parcel," was adjacent to property already owned by the Burts in their individual capacity, which we will refer to as the "Burt Parcel."
¶3 The Burt Parcel was improved with a single family residential structure that the Burts had used as a residence since 2008. Meanwhile, the Badger Parcel was improved with both a single family residential structure and a boathouse. The single family residence on the Badger Parcel was vacant and uninhabitable at the time of One Badger's purchase.
¶4 Following acquisition of the Badger Parcel, the Burts considered combining the Burt Parcel and the Badger Parcel by a certified survey map. Indeed, a map was prepared and approved by the Town of Delafield and Waukesha County. However, the Burts ultimately decided against the action, so the parcels remained separate.
¶5 In August 2016, the Burts razed the residential structure on the Badger Parcel. Thereafter, the Badger Parcel contained only an accessory structure (i.e., the boathouse) without a principal building.
¶6 In November 2016, the Waukesha County Department of Parks and Land Use (PLU) issued a letter declaring a zoning violation with respect to the Badger Parcel. The letter noted that, pursuant to Section 3(d)1 of the Waukesha County Shoreland and Floodland Protection Ordinance ("the Shoreland Ordinance"), which was enacted in December 2010, no accessory structure could remain on a parcel without a principal building.[1] The letter went on to warn the Burts:
[If] your property remains in violation, our office is authorized under Section 41 of the Waukesha County Shoreland and Floodland Protection Ordinance to issue citations for each day the property remains in noncompliance. In addition to collecting forfeitures in the form of a cash deposit, a court appearance may be required, additional fines imposed and further legal action or enforcement methods may be used to bring the property into compliance.
¶7 The Burts, acting in their capacity as One Badger, appealed the PLU's decision. One Badger argued that the boathouse was a legal nonconforming structure protected by WIS. STAT . § 59.69(10)(am) (2015-16).[2] It further argued that Section 3(d)1 of the Shoreland Ordinance is illegal, as the County lacked authority to require the removal of an otherwise lawful structure.
¶8 Following a hearing on the matter, the Board denied the appeal. The Board was not convinced that the boathouse was a legal nonconforming structure. Moreover, the Board opined that Section 3(d)1 of the Shoreland Ordinance is legal, though it did not believe that it was the proper body to make such a determination. Finally, the Board noted that the PLU never required removal of the boathouse and actually provided One Badger with several potential solutions to avoid legal liability.[3]
¶9 One Badger then sought certiorari review before the circuit court. After briefing of the issues, the court entered an order affirming the Board's decision. In doing so, it concluded that the Board had proceeded on a correct theory of law in denying One Badger's appeal. This appeal follows.
¶10 A person aggrieved by a decision of the board of adjustment may commence an action seeking the remedy available by certiorari review in circuit court. WIS. STAT . § 59.694(10). A court on certiorari review must give a presumption of correctness and validity to the board's decision. State ex rel. Ziervogel v. Washington Cty. Bd. of Adjustment , 2004 WI 23, ¶13, 269 Wis. 2d 549, 676 N.W.2d 401.
¶11 As a general rule, in certiorari proceedings we review the decision of the agency, not the circuit court. Murr v. St. Croix Cty. Bd. of Adjustment , 2011 WI App 29, ¶19, 332 Wis. 2d 172, 796 N.W.2d 837. Our review is limited to whether the agency (1) kept within its jurisdiction; (2) proceeded on a correct theory of law; (3) acted in an arbitrary, oppressive, or unreasonable manner that represented its will and not its judgment; and (4) might reasonably make the order or determination in question based on the evidence. Id. , ¶7.
¶12 This standard of review is deferential with regard to the agency's findings of fact. Hillis v. Village of Fox Point Bd. of Appeals , 2005 WI App 106, ¶6, 281 Wis. 2d 147, 699 N.W.2d 636. However, we review questions of law independently. Id.
¶13 On appeal, One Badger contends that the Board proceeded on an incorrect theory of law in denying its appeal. One Badger renews its arguments that (1) the boathouse was a legal nonconforming structure protected by WIS. STAT . § 59.69(10)(am) ; and (2) Section 3(d)1 of the Shoreland Ordinance is illegal, as the County lacked authority to require the removal of an otherwise lawful structure.
¶14 We are not persuaded that One Badger's boathouse was a legal nonconforming structure protected by WIS. STAT . § 59.69(10)(am). In order to receive such protection, One Badger needed to show that the enactment of Section 3(d)1 of the Shoreland Ordinance transformed the boathouse's legal status from conforming to nonconforming. One Badger cannot do that here. After all, it was not the enactment of Section 3(d)1 in December 2010 that created the illegality in this case; rather, it was the decision by the Burts in August 2016 to raze the residential structure on the Badger Parcel, thereby leaving the boathouse without a principal building. Thus, § 59.69(10)(am) simply does not apply.
¶15 Likewise, we are not persuaded that Section 3(d)1 of the Shoreland Ordinance is illegal. The County is expressly authorized to enact a zoning ordinance regarding "[t]he areas in which residential uses may be regulated or prohibited." WIS. STAT . § 59.69(4)(b). It is also directed to enact a shoreland zoning ordinance in its unincorporated area. WIS. STAT . § 59.692(1c) ; see also Hegwood v. Town of Eagle Zoning Bd. of Appeals , 2013 WI App 118, ¶9, 351 Wis. 2d 196, 839 N.W.2d 111 ("[O]ur legislature has given shoreland zoning authority to counties.") (citation omitted). Accordingly, we are satisfied that the County had the power to enact and enforce Section 3(d)1 to ensure that the primary use of the Badger Parcel remained residential.
¶16 Finally, the Board was correct in noting that, contrary to One Badger's assertion, the PLU never required removal of the boathouse and actually provided One Badger with several potential solutions to avoid legal liability. The fact that One Badger chose not to pursue those solutions does not render Section 3(d)1 of the Shoreland Ordinance legally suspect.
¶17 For these reasons, we affirm.[4]
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Section 3(d)1 of the Shoreland Ordinance provides in relevant part:
[N]o accessory building shall remain on a property once the principal building has been removed without a variance from the Waukesha County Board of Adjustment, unless: (1) a Letter of Credit or some other form of financial assurance acceptable to the Waukesha County Department of Parks and Land Use - Planning and Zoning Division is submitted to the Department in an amount sufficient for the Department to have the accessory building removed in the event a principal structure is not constructed on the property within two years of the date of issuance of the Zoning Permit for the new principal building or the date of removal of the accessory building, and (2) a deed restriction is recorded in the Waukesha County Register of Deeds office stating a principal structure shall be constructed on the property within two years of the date of issuance of the Zoning Permit for the new principal building or the date of removal of the accessory building or the Letter of Credit on file with the Department will be used to have the accessory building removed.

Wisconsin Stat . § 59.69(10)(am) provides in relevant part: "An ordinance enacted under this section may not prohibit the continuance of the lawful use of any building, premises, structure, or fixture for any trade or industry for which such building, premises, structure, or fixture is used at the time that the ordinances take effect...." All references to the Wisconsin Statutes are to the 2015-16 version.

In addition to the options referenced in Section 3(d)1 of the Shoreland Ordinance (i.e., requesting a variance or submitting a letter of credit and deed restriction), the PLU suggested that One Badger could maintain the boathouse by building a new residence on the property or combining the property with the adjacent Burt Parcel, which already contained a residence.

To the extent we have not addressed an argument raised by One Badger on appeal, the argument is deemed rejected. See State v. Waste Mgmt. of Wis., Inc. , 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).