COHEN, and another, Appellants, v. DANE COUNTY BOARD OF ADJUSTMENT, Respondent.†

*No. 75–69. Argued September 13, 1976.—Decided October 19, 1976.*
(Also reported in 246 N. W. 2d 112.)

† Motion for rehearing granted, without costs, on December 17, 1976.

For the appellants there was a brief by *Howard Goldberg* and *Murphy, Stolper, Brewster & Desmond, S. C.* of Madison, and oral argument by *Mr. Goldberg.*

For the respondent there was a brief and oral argument by *Robert M. Hesslink, Jr.,* Office of the Dane County Corporation Counsel, of Madison.

HEFFERNAN, J. The appellants, Melvin D. and Marilyn C. Cohen, own a farm in the town of Verona, Dane county. Dane county has adopted a comprehensive zoning ordinance, and the property owned by the Cohens is classified as A-1 Agricultural. The Cohens operate a wholesale grocery and produce business. In connection with this business, they own one semi-tractor and four semi-trailers. When the truck and trailers are not in actual use, they are stored empty on the property. No produce or groceries are loaded or unloaded on the Cohen property, and there are no loading docks or storage facilities on the Cohen farm.

The Dane County Zoning Administrator notified the Cohens that the storage of trucks on the property zoned A-1 was a prohibited use, because such use of the property constituted a "truck terminal," which was permitted in C-2 Commercial District, and was therefore a prohibited use in the more restricted A-1 Agricultural District.

The order of the Dane County Zoning Administrator to terminate the use was appealed to the Dane County Board of Adjustment.

A hearing was held before that board on April 19, 1974, and, following that hearing, the Board concluded that, as a matter of law, the Cohens were operating a "truck terminal," a nonpermitted use in an A-1 area. This finding was taken to the Dane County Circuit Court by writ of certiorari. After a hearing, the circuit court concluded that the Cohens were operating a truck terminal contrary to the provisions of the zoning ordinance. The judgment dismissing the writ of certiorari has been appealed to this court.

We conclude that the storage of trucks by the Cohens on their property did not constitute the use of the property as a truck terminal, and we accordingly reverse the judgment of the circuit court.

On the appeal, counsel for the Dane County Board of Adjustment argued that, because truck terminals were permitted in the less restricted classification of zoning, C–2, they were, by the scheme of the zoning ordinances, automatically a nonpermitted use in the more restricted agricultural district. We accept the logic of that argument and conclude that, if the storage of trucks on the Cohen property, as a matter of law, constituted the operation of a truck terminal, such use is prohibited. We cannot, however, conclude that such truck storage amounted to the prohibited use as a truck terminal.

To resolve that question, it is necessary first to determine whether the terms and provisions of a zoning ordinance are to be strictly or liberally construed. The Wisconsin statute which authorizes counties, such as Dane, to adopt zoning ordinances is dispositive on the question of the interpretation of the authority of a municipality to promulgate zoning ordinances. Sec. 59.97 (13), Stats., provides, "The powers herein granted shall be liberally construed in favor of the county exercising them . . . ."

Accordingly, where the intent and meaning of the terms embraced in a zoning ordinance are clear, the power of the zoning authority to control land use for the purpose of promoting public health, safety, and general welfare is to be broadly construed. We are, however, not concerned in the instant case with the power of the county to prohibit truck terminals in designated land use districts. Clearly, the county has that power. The question posed is whether the term, "truck terminal," embraces the use being made of their land by the Cohens.

This court has consistently resolved all ambiguity in the meaning of zoning terms in favor of the free use of private property. Zoning ordinances are in derogation of the common law and, hence, are to be construed in favor of the free use of private property. Rathkopf, 1 *The Law of Zoning and Planning* (4th ed.), ch. 9, p. 9.1. The provisions of a zoning ordinance, to operate in derogation of the common law, must be in clear, unambiguous, and peremptory terms. *Grube v. Moths* (1972), 56 Wis. 2d 424, 427, 202 N.W. 2d 261; *Burke v. Milwaukee & Suburban Transport Corp.* (1968), 39 Wis. 2d 682, 690, 159 N.W. 2d 700; *Missionaries of Our Lady of La Sallette v. Village of Whitefish Bay* (1954), 267 Wis. 609, 66 N.W. 2d 627.

While the Dane County Board of Adjustment has argued on this appeal that *State ex rel. B'nai B'rith Foundation of the United States v. Walworth County Board of Adjustment* (1973), 59 Wis. 2d 296, 208 N.W. 2d 113, reverses that rule and invokes a liberal construction in favor of the zoning authority, we conclude that interpretation is incorrect. *B'nai B'rith* does not stand for the liberal construction of terms in a zoning ordinance, but only for the proposition that the power of the county to enact land use restrictions should be liberally construed. *B'nai B'rith*, in fact, affirmed the strict construction of terms in a zoning ordinance as stated in *La Sallette.*

The question then is whether, assuming that truck terminals are prohibited in an A–1 zone, the use made of the property by the Cohens constitutes a "truck terminal," as that term is strictly construed. The term, "truck terminal," is not defined in the Dane County Zoning Ordinances as they existed at the time pertinent to this litigation. Secs. 10.01 and 10.01 (15) of the Dane County Zoning Ordinances specify that any words not defined in the ordinance should be construed as defined

in the Wisconsin Building Code and, if not defined therein, by reference to dictionary usage or to a common understanding of the term. It is agreed that the Wisconsin Building Code does not define "truck terminal," nor have we been persuaded that there is any common understanding of the meaning of the term. Webster's *New Third International Dictionary* defines "terminal" as:

"6a. either end of a carrier line (as a railroad, trucking or shipping line, or airline) with classifying yards, dock and literage facilities, management offices, storage sheds, and freight and passenger stations b: a freight or passenger station that is central to a considerable area or serves as a junction at any point with other lines."

Under that dictionary definition, which includes terminals related to trucking, it is clear that the term, "truck terminal," includes the concept of facilities for storage or loading.

The zoning board, on the other hand, contends that a terminal is merely a place where a journey begins or ends. Both of these interpretations are reasonable.

It thus appears that the term is ambiguous. As we have stated above, an ambiguous term in a zoning ordinance must be construed in favor of the free use of private property, and unless this court can be satisfied that the use that the property has been put to by the Cohens is unambiguously a "truck terminal," it is not a prohibited use. Thus, we cannot conclude as a matter of law that a place where empty trucks are parked constitutes a "truck terminal" as that term appears in C–2 of the zoning ordinances.

A number of cases have been cited to us by both the appellants and the respondent. In *O'Neill v. Carolina Freight Carriers Corp.* (1968), 156 Conn. 613, 244 Atl. 2d 372, the court used the term, "truck terminal," to describe a facility to which trucks delivered, and from which they received, merchandise. The facility included trucks, compressors, buildings, lifts, and conveyors. In *City of Buffalo v. Roadway Transit Co.* (1951), 278

App. Div. 69, 103 N. Y. Supp. 2d 297, a distinction was drawn between freight terminals and truck terminals, but in that case truck terminals were held to be places where there was a transfer of goods between parked trucks. *Pilot Freight Carriers, Inc. v. Scheidt* (1965), 263 N.C. 737, 140 S.E. 2d 383, defined a terminal as meaning a place where the truck carrier took possession of a shipment or where it made a delivery.

These cases are not very helpful in resolving the ambiguity. Rather, they tend to confirm the property owners' theory that a point at which empty trucks are parked is not a truck terminal. Each of these cases implicitly recognizes that, at the very least, for a use to constitute a truck terminal, loading and unloading activities must be carried on. Admittedly, the question is a close one under the facts of this case, but it is undisputed that no loading and unloading operations take place on the Cohen property. The ambiguity must be resolved in favor of the property owners' free use of their property. The ordinance, internally by definition, or by reasonable construction, cannot be construed to reach the conclusion that the Cohens' use of the property is unambiguously prohibited by the zoning ordinance.

Construing the term, "truck terminal," strictly as being in derogation of the common law, we cannot conclude, as a matter of law, that the Cohens are in violation of the zoning ordinance. Since we conclude that the Cohens are not in violation of the ordinance, the constitutional question is not resolved on this appeal.

*By the Court.*—Judgment reversed, and cause remanded with directions to set aside the order of the Dane County Board of Adjustment.

The following opinion was filed December 17, 1976.

PER CURIAM *(on motion for rehearing)*. The order for rehearing is granted, but the opinion is affirmed

with respect to the issues discussed therein. It appears, however, that the order of the Dane County Board of Adjustment failed to disclose whether consideration was given to proscribing the use of the property on the ground that the questioned use of the Cohen premises was not a permitted use under A–1 Agricultural. Rather, the Board considered only that the use was proscribed as a "truck terminal," allowed only in a C–2 classification. Our opinion, which we affirm, goes only to the resolution of that issue adversely to the Board. The Board is, however, not foreclosed by our opinion from determining whether the parking of trucks on A–1 property is prohibited on grounds other than that the use constituted a "truck terminal." The cause is remanded to the Board for further proceedings for that limited purpose.