TOWN OF RINGLE, a body corporate of Marathon County, Wisconsin, Appellant,

v.

COUNTY OF MARATHON, a body corporate of the State of Wisconsin, Respondent.†

Court of Appeals

*No. 80–090. Submitted on briefs August 12, 1980.—*
*Decided October 21, 1980.*
(Also reported in 299 N.W.2d 288.)

---

† Petition to review granted.

For the appellant the cause was submitted on the brief of *Richard J. Weber* and *Kelley & Weber, S.C.*, of Wausau.

For the respondent the cause was submitted on the brief of *Juneau, Johnston, Drach & Minder* of Wausau.

Before Donlin, P.J., Foley, J., and Dykman, J.

FOLEY, J.   The trial court granted summary judgment to Marathon County holding that sec. 59.97(9), Stats., allowed the County to rezone county-owned land in the Town of Ringle without Town approval. The Town contends that the County cannot unilaterally rezone its land if the land is already subject to existing Town zoning laws. Because we conclude that the trial court properly construed sec. 59.97(9), we affirm.

Section 59.97(9) authorizes a county to "zone and rezone any lands owned by the county without necessity of securing the approval of the town boards of the towns wherein such lands are situated . . . ." The trial court found sec. 59.97(9) to be clear and unambiguous and held that it authorized Marathon County to locate a sanitary landfill on county-owned land situated in the Town of Ringle contrary to existing Town zoning laws and without the approval of the town board.

Unless legislation is unclear or ambiguous, statutory language must be given its ordinary and accepted meaning. *Kearney & Trecker Corporation v. Wisconsin Department of Revenue*, 91 Wis.2d 746, 284 N.W.2d 61 (1979) ; *State v. Tollefson*, 85 Wis.2d 162, 270 N.W.2d

201 (1978); *Monson v. Monson,* 85 Wis.2d 794, 271 N.W.2d 137 (Ct. App. 1978). Section 59.97(9), on its face, grants counties broad authority with respect to county-owned land. The county board may "zone and rezone any lands" owned by the county. The statute does not restrict county authority to "zone and rezone" because of the existence of prior town zoning laws. The statute is clear and unambiguous and authorizes the rezoning in this case regardless of whether the Town approves.

The Town contends, however, that sec. 59.97(9) was never intended to allow county governments to preempt town zoning laws. It argues that the purpose of the section was merely to allow counties to (1) zone county-owned lands not already subject to town zoning, and (2) rezone county-owned lands already subject to existing county zoning ordinances. The Town asks that we reject the "plain language" rule and adopt the position of Justice Frankfurter in his dissenting opinion in *Commissioner v. Acker,* 361 U.S. 87, 95 (1959):

The Court's task is to construe not English but congressional English. Our problem is not what do ordinary English words mean, but what did Congress mean them to mean. "It is said that when the meaning of language is plain we are not to resort to evidence in order to raise doubts. That is rather an axiom of experience than a rule of law and does not preclude consideration of persuasive evidence if it exists." [Citation omitted.]

Even if we were to seek the legislature's intent by examining the history and purpose of sec. 59.97, we would reach the same conclusion. Section 59.97(13) provides that zoning powers granted to counties are to be liberally construed in favor of county authority and are not to be construed to limit or repeal county zoning power. *See Cohen v. Dane County Board of Adjustment,* 74 Wis.2d 87, 246 N.W.2d 112 (1976); *Nelson v. DNR,* 88 Wis.2d 1, 276 N.W.2d 302 (Ct. App. 1979). To

imply a restriction on county zoning authority over county-owned land because of existing town zoning would ignore the express legislative directive that regional authority, as opposed to local authority, be broadly construed.

The history of sec. 59.97(9) also supports county zoning power unrestricted by prior town action. Zoning power over county-owned land was first granted to counties in 1931. Chapter 236, 1931 WIS. LAWS. In 1947, the legislature granted zoning authority to towns. Chapter 224, 1947 WIS. LAWS. In the same year, the language of sec. 59.97(9) was amended from "zone any lands" to "zone *and rezone* any lands . . . ." Chapter 516, 1947 WIS. LAWS [emphasis added]. This amendment illustrates the legislature's desire to continue county zoning authority over county-owned land by allowing counties to "rezone," where towns, pursuant to the recent grant of zoning authority, had already zoned county-owned property. Finally, in 1951, a provision was added to sec. 59.97(9) that dictated the procedure to be followed by counties in using this subsection. Chapter 490, 1951 WIS. LAWS. The limited scope of the procedural requirements added by the 1951 amendment further evinces the legislative desire not to unduly hamper county efforts to zone or rezone county-owned land, notwithstanding local opposition.

Thus, there are no indications in either the language of sec. 59.97(9), the statute as a whole, or the history of its changes, which require that county zoning power over county-owned land be conditioned on prior inaction by town zoning authorities. The trial court was correct in awarding summary judgment to Marathon County.[1]

*By the Court.*—Judgment affirmed.

---

[1] In its brief, the Town tangentially questions the County's ownership of the clay removal site zoned pursuant to §59.97(9), Stats., and thus the County's authority to use this subsection.

Because this issue was not expressly raised in the trial court, we decline to consider it on appeal. *See Goranson v. DILHR,* 94 Wis.2d 537, 289 N.W.2d 270 (1980); *Wirth v. Ehly,* 93 Wis.2d 433, 287 N.W.2d 140 (1980); *Terpstra v. Soiltest, Inc.,* 63 Wis.2d 585, 218 N.W.2d 129 (1974); *Fuerst v. Fuerst,* 93 Wis.2d 121, 286 N.W.2d 861 (Ct. App. 1979). If we were to address the issue, however, we would conclude that a land contract vendee's interest is sufficient to satisfy the County's §59.97(9) ownership requirement.

