STATE EX REL., John T. HARDING, Plaintiff-Appellant,

v.

DOOR COUNTY BOARD OF ADJUSTMENT and Leslie E. Cowen, Defendants-Respondents.†

Court of Appeals

*No. 84-1670. Submitted on briefs April 8, 1985.—*
*Decided June 11, 1985.*
(Also reported in 371 N.W.2d 403.)

† Petition to review denied.

For the appellant there were briefs by *Pinkert, Smith, Koehn, Weir & Jinkins, Mark A. Jinkins* and *Roger Pinkert* of Sturgeon Bay.

For the respondents there was a brief by *Becker and Phillips* and *Mark A. Phillips* of Brookfield.

Before Cane, P.J., Dean and LaRocque, JJ.

LaROCQUE, J.   John Harding appeals a circuit court judgment[1] affirming the Door County Board of Adjustment's revocation of his building permit. Harding owns property zoned for single family residential use. He seeks a building permit that would allow him to build a home for sale to thirteen owners who each would have the right to occupy the home for four weeks a year. At the sec. 59.99(1), Stats., writ of certiorari review, the court held that Harding's proposed use violates the county zoning code that restricts the use of the property to single family dwellings. Because the zoning ordinance

---

[1] The circuit court decision ruled on the merits of the controversy and also quashed the writ of certiorari. When no motion to quash is made and the issuance of the writ is not discretionary, *see* sec. 59.99(1), Stats., it is not appropriate to quash the writ in order to affirm the board's decision. *See State ex rel. Park Plaza Shopping Center, Inc. v. O'Malley,* 59 Wis. 2d 217, 218–19, 207 N.W.2d 622, 623 (1973).

does not prohibit Harding's proposed use, we reverse the judgment.

The zoning ordinance defines a single family dwelling as a detached building designed for or occupied exclusively by one family. The ordinance defines "family" as one or more persons related by blood or marriage occupying the premises and living together as a single housekeeping unit. We must strictly construe this ordinance to favor the free use of property.[2] *See Crowley v. Knapp,* 94 Wis. 2d 421, 434, 288 N.W.2d 815, 822 (1980). Unless the proposed building is unambiguously something other than a single family dwelling under the county ordinance, the proposed use of the building is not prohibited. *See Cohen v. Dane County Board,* 74 Wis. 2d 87, 92, 246 N.W. 2d 112, 114 (1976).

Harding's proposed use falls within the definition of a single family dwelling. His home is both designed for and will be occupied exclusively by one family. "Design" means "to . . . have . . . as a purpose" and "to draw a . . . sketch . . . ." Webster's Third New International Dictionary 611 (1976). The building's purpose is to provide living quarters for a family. The proposed building's floor plan has a kitchen, dining room, and living room in addition to four bedrooms. The building would be occupied exclusively by one family. Although a different family would occupy the building each week, that one family would occupy the building to the exclusion of the other twelve families. The ordinance fails to require occupancy over a period of time, and we

---

[2] *State ex rel. B'nai B'rith Found. v. Walworth County Bd.,* 59 Wis. 2d 296, 304, 208 N.W.2d 113, 117 (1973), states that the power to enact zoning ordinances is liberally construed in favor of the municipality. Ambiguous terms in an ordinance, however, are construed to favor the free use of property. *Cohen v. Dane County Board,* 74 Wis. 2d 87, 91, 246 N.W.2d 112, 114 (1976).

cannot impose such a requirement. We conclude that the ordinance does not prohibit Harding's proposed use.

*By the Court.*—Judgment reversed.