HEEF REALTY AND INVESTMENTS, LLP and
Sandra Desjardin, Plaintiffs-Respondents,

v.

CITY OF CEDARBURG BOARD OF APPEALS,
Defendant-Appellant.†

Court of Appeals

*No. 2014AP62. Submitted on briefs October 20, 2014.
—Decided February 4, 2015.*

2015 WI App 23

(Also reported in 861 N.W.2d 797.)

† Petition for Review denied June 12, 2015.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Ronald S. Stadler* and *Aaron J. Graf* of *Gonzalez Saggio & Harlan LLP, Mallery & Zimmerman, S.C.*, Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Brad L.F. Hoeschen* and *Jordana Thomadsen* of *Chernov, Stern & Krings, S.C.*, Milwaukee.

A nonparty brief was filed by *Thomas D. Larson* of Madison, for Wisconsin REALTORS® Association.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. NEUBAUER, P.J. The question presented is whether short-term rental is a permitted use for property in a single-family residential district under the City of Cedarburg's zoning code. The City of Cedarburg Board of Appeals (the Board) decided that the City's zoning ordinances did not permit the short-term rental of homes in a single-family residential district. The owners of two homes challenged this decision. We agree with the homeowners that the Board erred in interpreting the ordinances to preclude short-term rentals. Such a restriction on the free use of private property must be done clearly and unambiguously in the ordinances. As written, the ordinances permit short-term rental of homes in a single-family residential district. We affirm the order of the circuit court, which reversed the decision of the Board.

## BACKGROUND

¶ 2. The owners of two homes (the Owners) initiated this suit after the Board told them they could not use their homes for short-term rentals. James and Cathy Radmann (d/b/a HEEF Realty) purchased a second home to use for short-term rental and eventual retirement. The Radmanns started renting the house out in September 2012, and on September 12, 2012, they got a notice from the City informing them that the

property use violated City Ordinance 13–1-46 (the Ordinance). *See* CEDARBURG, WIS., ZONING CODE (hereinafter Zoning Code) art. C, § 13–1-46 (2015). Sandra Desjardin started renting out her property for short-term rentals in June 2012, and on September 12, 2012, and on October 10, 2012, Sandra received notices from the City stating that her property use violated the Ordinance.[1]

¶ 3. The Owners appealed the citations, and the Board denied their appeals. The Owners brought complaints for certiorari review, which were consolidated. The circuit court found that the homes are single-family dwellings and that the Board made an error of law when it determined that short-term rental was not a permitted use. The Board appealed that decision to this court.

## DISCUSSION

### *Standard of Review*

██ █

¶ 4. On certiorari, we review the decision of the Board, not the circuit court. *Murr v. St. Croix Cnty. Bd. of Adjustment*, 2011 WI App 29, ¶ 19, 332 Wis. 2d 172, 796 N.W.2d 837. Our review is limited to whether the Board "(1) kept within its jurisdiction, (2) acted according to law, (3) did not act arbitrarily or unreasonably or according to its will and not its judgment, and (4) made a decision based on evidence one might reasonably use

---

[1] While the parties provide us with information about how much they invested in upgrading their properties and about discussions they had with officials regarding the use of the properties as short-term rentals, none of that is relevant to the issue presented.

to make the determination in question." *Winkelman v. Town of Delafield*, 2000 WI App 254, ¶ 3, 239 Wis. 2d 542, 620 N.W.2d 438.

*The Parties' Arguments*

¶ 5. The Board argues that its interpretation of the Ordinance is reasonable and should not be overturned on certiorari review. More specifically, the Board argues that to qualify as a single-family dwelling under the Ordinance, the property must be the occupant's established residence. The Board maintains that the important distinction is residential versus transient and looks to voting requirements to color its definition of residency.

¶ 6. The Owners argue that that the plain language of the Ordinance permits their use, that if the Ordinance is ambiguous it should be construed in favor of the free use of property, and that Wisconsin case law and case law from other jurisdictions makes clear that short-term rentals are a permitted use of a single-family dwelling. The Owners point out that the City did allow long-term rentals and that there was no definition of the minimum time period allowed. They also contend that the allowance of long-term rentals undercuts the Board's argument that short-term rentals constitute commercial, rather than residential, use. Furthermore, the Owners argue that the building inspector's testimony that second homes and vacation homes are permitted within residential zones is contrary to the Board's primary address argument and that all of these inconsistencies underscore the ambiguity of the Ordinance.

## General Zoning Principles

██ ¶ 7. The power to enact zoning ordinances is broadly construed in favor of the municipality. *State ex rel. B'nai B'rith Found. v. Walworth Cnty. Bd. of Adjustment*, 59 Wis. 2d 296, 304, 208 N.W.2d 113 (1973). However, "[z]oning ordinances are in derogation of the common law and, hence, are to be construed in favor of the free use of private property." *Cohen v. Dane Cnty. Bd. of Adjustment*, 74 Wis. 2d 87, 91, 246 N.W.2d 112 (1976). To operate in derogation of the common law, the provisions of a zoning ordinance must be clear and unambiguous. *Id.* Here, "[u]nless the proposed [use] is unambiguously something other than a single family dwelling under the . . . ordinance, the proposed use . . . is not prohibited." *State ex rel. Harding v. Door Cnty. Bd. of Adjustment*, 125 Wis. 2d 269, 271, 371 N.W.2d 403 (Ct. App. 1985) (citation omitted).

### Application

██ ¶ 8. We first look to the language of the Ordinance. The Ordinance states, in part:

RS-5 SINGLE-FAMILY RESIDENTIAL DISTRICT

. . . .

(b) **Permitted Uses.**

 (1) Single-family dwellings.

 (2) Family day care home.

 (3) Foster family home.

 (4) Community living arrangements which have a capacity for either (8) or fewer persons served by the program.

 (5) Essential services.

Zoning Code art. C, § 13–1–46. Thus, the Ordinance lists "single-family dwellings" as a permitted use in a "single-family residential district." An additional ordinance in effect at the time of the citations defined "dwelling" as "[a]ny building or portion thereof designed or used exclusively as a residence and having cooking facilities, but not including boarding or lodging houses, motels, hotels, tents, cabins, or mobile homes."[2]

¶ 9. Regarding the meaning of "single-family dwelling," *Harding* is squarely on point and mandates the construction of the Ordinance to favor the free use of property. In *Harding*, the proposed use was a time-share where thirteen families would own the property and each would use it for four weeks per year. *Harding*, 125 Wis. 2d 270. The county board of adjustment revoked Harding's building permit under the county

_____

[2] The parties both cite to this definition of dwelling but do not provide a record cite for this ordinance, nor do we find the ordinance in the record except as set forth in documents written by the parties. However, the parties do not differ on the wording, and we have confirmed the previous wording of the ordinance. *See* CEDARBURG, WIS., ORDINANCE NO. 2014–04, § 13–1–240(b)(45). The current version omits "designed or" from "designed or used exclusively as a residence." CEDARBURG, WIS., ZONING CODE art. C, § 13–1–240(b)(45) (2015).

The Owners argue that the disjunctive "designed or used" as a residence in the former definition of dwelling unambiguously renders their short-term rental a permitted use, as their homes were obviously designed for residential use. The Board counters that a literal interpretation of this definition would lead to absurd results, as a home designed as a residence could be used "as a tavern, taco stand, strip club or a nuclear waste treatment facility." Given our decision, we need not reach this argument. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (appellate court need not address all issues raised when deciding case on other grounds).

zoning ordinance. *Id.* at 270. The circuit court affirmed the revocation. *Id.* On appeal, the court reasoned that this use constituted a single family dwelling because only one single family would be staying in the property at a time. *Id.* at 271. The court noted that the property was "both designed for and will be occupied exclusively by one family." *Id.* "Although a different family would occupy the building each week, that one family would occupy the building to the exclusion of the other twelve families. The ordinance fails to require occupancy over a period of time, and we cannot impose such a requirement." *Id.* at 271–72. The court concluded that the ordinance did not prohibit Harding's proposed use. *Id.* at 272.

¶ 10 The present case is almost exactly like *Harding.* While the short-term occupants of the homes here will not have a long-term ownership interest as in *Harding,* they will purchase a short-term lease. Other than this difference, the cases are essentially the same. The properties here are designed for use by one family, just like the property in *Harding.* The Ordinance here permits single-family dwellings in a single-family residential zone, just like in *Harding.* And, just like in *Harding,* only one family will use each home at a time. The Ordinance here, like the one in *Harding,* does not require occupancy over a period of time. We must construe the Ordinance in favor of the free use of property and cannot impose time/occupancy restrictions or requirements that are not in the zoning scheme.

¶ 11. *Harding's* conclusion is clear: we look at the language of the ordinance, which is about the use of the property, not the duration of that use. *Harding* rules out the Board's arguments about voting or fixed habitation. The proposed time-share property in *Hard-*

*ing* would not be anyone's primary residence, primary address, fixed habitation, or place by which he or she would determine where to vote. Even so, the proposed time-share in *Harding*, like the rental use here, was a permitted use under the single-family residential zone because the ordinance did not remove it from that category.

¶ 12. The Board argues that *Harding* is not binding authority because *Harding* "did not turn upon whether renting to tourists and other transient guests constituted use as a 'residence.' " *Harding* focused on whether the property was to be "occupied exclusively by one family." *Id.* at 271.

> Because the zoning ordinance does not prohibit Harding's proposed use, we reverse the judgment.
>
> ... We must strictly construe this ordinance to favor the free use of property. Unless the proposed [use] is unambiguously something other than a single family dwelling under the county ordinance, the proposed use of the building is not prohibited.
>
> Harding's proposed use falls within the definition of a single family dwelling. His home is both designed for and will be occupied exclusively by one family .... The building's purpose is to provide living quarters for a family. The proposed building's floor plan has a kitchen, dining room, and living room in addition to four bedrooms .... Although a different family would occupy the building each week, that one family would occupy the building to the exclusion of the other twelve families. The ordinance fails to require occupancy over a period of time, and we cannot impose such a requirement.

*Harding,* 125 Wis. 2d at 270–72 (citations and footnote omitted). *Harding* notes that the home there was designed with a kitchen, dining room, living room, and

193

four bedrooms. *Id.* at 271. This focus on the daily living connotation of "residential" gibes with the circuit court's explanation that what makes a home a residence is its use "to sleep, eat, shower, relax, things of that nature." What matters is residential use, not the duration of the use. The words "single-family," "residential" and "dwelling" do not operate to create time restrictions that the legislative body did not choose to include in the ordinance.

■

¶ 13. What *Harding* was about, and what this case is about, is whether a zoning board can arbitrarily impose time/occupancy restrictions in a residential zone where there are none adopted democratically by the City. *Harding* tells us that the designation as a single family dwelling does not, without more, distinguish between one or thirteen families as owner/occupants or between short-term and long-term rentals. There is nothing inherent in the concept of residence or dwelling that includes time. The City offers no authority that anything about the concept of "residential" distinguishes between short-term and long-term occupancy. If the City is going to draw a line requiring a certain time period of occupancy in order for property to be considered a dwelling or residence, then it needs to do so by enacting clear and unambiguous law. *See, e.g., Lowden v. Bosley*, 909 A.2d 261 (Md. 2006) (nothing in restrictive covenant that required residential use distinguished between long-term and short-term rentals); *Brown v. Sandy City Bd. of Adjustment*, 957 P.2d 207 (Utah Ct. App. 1998) (ordinance that allows use of dwelling for occupancy by single family and does not limit use by duration of occupancy does not prohibit short-term rentals).

¶ 14. The Board interpreted the Ordinance to preclude short-term rental of a single-family dwelling in a single-family residential district even though the Ordinance did not clearly and unambiguously prohibit this use. In doing so, the Board did not act according to law. We are bound by *Harding*. *See Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997) (only supreme court can withdraw or modify court of appeals opinions). Therefore, we affirm the circuit court's order reversing the decision of the Board.

*By the Court.*—Order affirmed.