BARNES, J.,
DISSENTING:
¶ 21. I respectfully dissent. The DeSoto County zoning regulations do not prohibit the rental of properties in the A-R zone. The County’s classification of the use of Bostick’s and Poe’s properties as a “hotel” is manifestly unreasonable, and the chancery court’s injunction prohibiting “vacation rentals” is without foundation in the regulations.
¶22. The pertinent permitted use for this A-R zone is a “single family dwelling.” Neither the County nor the chancery court relies on the definition of “family” in limiting the use of the properties; the chancery court’s injunction does not allow “vacation rentals,” regardless of the relationship among the renters. The County contends it would be a violation of the regulations whether the rental was to “a family of four or eight university students.” Accordingly, we look to other definitions in the regulations to determine permitted use.
¶ 23. A “dwelling” is defined as “[ajny building or portion thereof designed or used as the residence of one (1) or more persons, but not including a tent, cabin, trailer, or a room in a hotel, motel or boarding house.” A hotel is defined as “[a] building in which overnight lodging is provided and offered to the public for compensation, and which is open to transient guests, in contradistinction, to a boarding house or lodging house as herein defined.” The term “transient” or “transient guest” is never defined.
¶ 24. Nothing in the chancery court’s injunction indicates what length of rental would be allowed under the regulations. The only length of time mentioned in the regulations is in a “definition within a definition.” The term “family” is defined as “[o]ne or more individuals occupying a dwelling unit and living as a single household unit but not exceeding four unrelated persons.” (Emphasis added). In turn, “dwelling unit” is defined as: “One room or rooms connected together, constituting a separate, independent housekeeping establishment for owner occupancy or rental or lease on a weekly, monthly, or longer basis[.]” (Emphasis added). Thus, under the zoning regulations, properties in the A-R zone can be rented on a weekly basis. Weekly rentals, then, cannot be considered “transient.”
*27 ¶ 25. The parties, however, contend that the length of tenancy is not the issue. DeSoto County maintains that the issue is the nature of the rental, arguing that “[t]he length of time one rents the subject property does not matter; the A[-]R zone does not allow for the renting of properties to transients for profit.” The. Appellants likewise assert that “the length of the stay has no bearing on the character of the use,” and “[t]here is no provision in the DeSoto County ordinance to suggest otherwise.” Neither party seems to realize the term “transient” is directly related to a duration or period of time. Nor do they rely on the periods of time specified in the definition of “dwelling unit.” Both appear to want an “all or nothing” ruling. Do the regulations prohibit this type of rental or do they not? I conclude that they do- not.
¶ 26. While our courts have not previously addressed this precise issue, there' is authority from other jurisdictions that the “mere temporary or short-term use of a residence does not preclude that use from being ‘residential.’” Houston v. Wilson Mesa Ranch Homeowners Ass’n Inc., 360 P.3d 255, 259 (¶ 19) (Colo. App. 2015). The Utah Court of Appeals has held:
[W]e must construe existing zoning ordinances strictly against the city ... [and] conclude that short-term leases of residential properties are not prohibited by the zoning ordinance... Although we recognize that short-term leases may disrupt the residential environment of a neighborhood in some instances, by failing to prohibit short-term leases, Sandy City has implicitly determined that such practices are conducive to a residential environment. In other words, “we will not find a violation of law simply because [the permitted use may appear] inconsistent with the general intent statement ... when the use is in compliance with the substantive provisions of the ordinance.”
Brown v. Sandy City Bd. of Adjustment, 957 P.2d 207, 212 (Utah Ct. App. 1998) (internal citations omitted); see also Heef Realty & Investments LLP v. City of Cedarburg Bd. of Appeals, 361 Wis.2d 185, 861 N.W.2d 797, 801 (Wis. Ct. App. 2015) (“[T]ime/occupaney restrictions or requirements that are not in the zoning scheme” cannot be imposed.)
¶ 27. In a recent case, Shvekh v. Zoning Hearing Board of Stroud Township, 154 A.3d 408 (Pa. Commw. Ct. 2017), the Commonwealth Court of Pennsylvania considered a factually analogous-situation. Irina Shvekh owned a three-acre, single-family home that she advertised on various vacation-rental websites for “events, birthdays, weddings.” Id. at 410. • The local zoning board determined that Shvekh’s rental of her home violated the zoning ordinance because it constituted an expressly prohibited use as a “tourist home,”, and determined that the “short-term transient rentals [were] more typical of a hotel or tourist home, where vacationers or travelers would not be considered to be maintaining a residence in the ordinary meaning of the phrase.” Id. at 411. The appellate court, however, held that while deference should be given to a “[a] zoning board’s interpretation of its own zoning ordinance^] ... a municipality cannot advance a new and strained interpretation of its zoning ordinance in order to effect what it would like the ordinance to say without an amendment.” Id. at 414 (citations omitted).
¶28. The zoning ordinance in Shvekh defined a “dwelling” as “[a]ny building or portion thereof, designed or used exclusively as the residence for one or more persons.” Id. at 412. The appellate court found there was “no question that the [property [was] ‘designed for’ one family,” commenting on the fact that the definition has “two alternatives” for meeting the def *28 inition of a “single family dwelling.” Id. at 414. It concluded:
[Vacation-rental sites have] expanded the possible uses of a single-family dwelling, and the Township can address these new uses in the Zoning Ordinance. However, amendments cannot be effected by shoe-horning a use that "involves renting an entire single-family home to vacationers into the definition of “tourist home.” The Property meets the definition of single-family residence because it has been “designed for or occupied exclusively for one family;” Zoning Ordinance, Article II, § 2.266(a) (emphasis added); R.R. 224a. The vacation rental of the entire home bears no relation to the bedroom-by-bedroom rental that is the hallmark of a tourist home[.]
Id. at 415.
¶ 29. The DeSoto' County’s zoning regulations similarly defíne a “dwelling” as “[a]ny building or portion thereof designed or used as the residence of one (1) or more persons, but not including a tent, cabin, travel trailer, or a room in a hotel, motel or boarding house.”' (Emphasis added). The use of the disjunctive in the definition indicates that the dwelling may either be designed as a residence or used as a residence; it does not have to be both. There is no question that the Appellants’ properties were designed as residences.
¶ 30. Moreover, the definition of a “dwelling” in the DeSoto County zoning regulations merely excludes using the property as “a room in a hotel, motel or boarding house.” The Appellants are renting the entire premises; they are not renting the property room, by room. As the rental of the entire.house bore “no relation to the bedroom-by-bedroom rental that is the hallmark of a tourist home” .in Shvekh, the rental of the entire house in the instant case bears no relation to the room-by-room rental that is the hallmark of a hotel. As the majority observes, the, properties “lack some common, recognizable features of most hotels.” There is nothing to suggest the Appellants’ homes were open to the public at large' (e.g., no “vacancy” sign); the renters have to make advance reservations. See Fruchter v. Zoning Bd. of Appeals of Town of Hurley, 133 A.D.3d 1174, 1176 (N.Y. App. Div. 2015) (concluding the petitionér’s-rental of property did not fall under the definition of a hotel or bed-and-breakfast, noting the rental of entire property and lack of any “common exterior entrance”); Atkinson v. Wilt, 94 A.D.3d 1218 1220, 941 N.Y.S.2d 798 (N.Y. App. Div. 2012). (holding the homeowner’s advertising of his property on a vacation-rental website did not “transform[] the premises from,, a-single-family residence into a tourist accommodation”). As the Appellants observe:
The properties owned by Bostick and Poe are unmistakable as single family-residences. They are not' hotels and were never constructed to be hotels. ... [Tjhe property is still a house, no matter whether the tenant stays for a weekend or longer. There is no provision in the DeSoto County ordinance to suggest otherwise.
¶31. The majority finds that DeSoto County’s application of the exclusion to the property from being used as a hotel was not “manifestly unreasonable.” I disagree. Although deference must be afforded to DeSoto County’s construction of its zoning regulations, as in Shvekh, I find that DeSo-to County is advancing a “new and strained interpretation” of its zoning regulations to restrict the Appellants’ use of their respective properties. A “[l]iberal construction does not mean strained construction, and a court cannot distort the plain meaning of a zoning ordinance in *29 order more fully to effectuate its purpose.” See 8 Eugene McQuillan, Municipal Corporations § 25.73 at 232 (3d ed. 2000). Vacation rentals are not prohibited by the zoning regulations.
¶32. I would reverse and render the judgment, set aside the chancery court’s permanent injunction, and remand for further proceedings regarding Bostick’s claim for damages and the Appellants’ claim for attorney’s fees.
LEE, C.J., JOINS THIS OPINION.