COURT OF APPEALS
DECISION
DATED AND FILED

July 9, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP994**

STATE OF WISCONSIN

Cir. Ct. No. **2022CV707**

IN COURT OF APPEALS
DISTRICT II

WISCONSIN REALTORS ASSOCIATION, INC.,

PLAINTIFF-APPELLANT,

V.

CITY OF NEENAH,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Winnebago County: DANIEL J. BISSETT, Judge. *Affirmed in part, reversed in part and cause remanded with directions.*

Before Gundrum, P.J., Neubauer, and Lazar, JJ.

¶1 LAZAR, J. The Wisconsin Realtors Association, Inc. (WRA) appeals an order of the circuit court granting summary judgment in favor of the City of Neenah. WRA contends that the court was incorrect in holding that the

City's Tourist Housing Ordinance, which prohibits owners of residential property from obtaining the necessary permit for renting that property unless it is their "primary residence," is not contrary to WIS. STAT. § 66.1014 (2023-24).[1] The City defends the court's grant of summary judgment and argues that WRA does not have standing to challenge the ordinance in the first place. We affirm the circuit court's determination that WRA satisfies our state's permissive requirements for standing. We reverse the circuit court's grant of summary judgment in favor of the City, however, because the ordinance logically conflicts with state law. We direct the court to issue a revised order declaring the Ordinance preempted and therefore void.

## BACKGROUND

¶2     The City adopted its Tourist Housing Ordinance (the "Ordinance") in 2017. *See* NEENAH, WIS., CODE ch. 26, art. XV (enacted by Ordinance No. 2017-09 (June 21, 2017)). Relevant to this appeal, Sections 26-661(7)–(8) of the Ordinance list two "[s]tandards" to which all tourist housing properties in the City of Neenah must conform:

> (7)     The owner(s) of the property must obtain a tourist housing permit before any rentals are allowed;
>
> (8)     The tourist housing property shall be the primary residence of the applicant.

¶3     Also in 2017, the state legislature enacted WIS. STAT. § 66.1014, entitled "Limits on residential dwelling rental prohibited." 2017 Wis. Act 59, § 996G. The statute defines a "[r]esidential dwelling" as "any building, structure,

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

or part of the building or structure, that is used or intended to be used as a home, residence, or sleeping place by one person or by 2 or more persons maintaining a common household, to the exclusion of all others." Sec. 66.1014(1)(b). It further provides, in subsection (2):

> (a) Subject to par. (d), a [city] may not enact or enforce an ordinance that prohibits the rental of a residential dwelling for 7 consecutive days or longer.
>
> (b) If a [city] has in effect on September 23, 2017, an ordinance that is inconsistent with par. (a) or (d), the ordinance does not apply and may not be enforced.
>
> (c) Nothing in this subsection limits the authority of a [city] to enact an ordinance regulating the rental of a residential dwelling in a manner that is not inconsistent with the provisions of pars. (a) and (d).
>
> (d) 1. If a residential dwelling is rented for periods of more than 6 but fewer than 30 consecutive days, a [city] may limit the total number of days within any consecutive 365-day period that the dwelling may be rented to no fewer than 180 days. The [city] may not specify the period of time during which the residential dwelling may be rented, but the [city] may require that the maximum number of allowable rental days within a 365-day period must run consecutively. A person who rents the person's residential dwelling shall notify the clerk of the [city] in writing when the first rental within a 365-day period begins.
>
> 2. Any person who maintains, manages, or operates a short-term rental, as defined in [WIS. STAT. §] 66.0615 (1) (dk), for more than 10 nights each year, shall do all of the following:
>
> a. Obtain from the department of agriculture, trade and consumer protection a license as a tourist rooming house, as defined in [WIS. STAT. §] 97.01 (15k).
>
> b. Obtain from a [city] a license for conducting such activities, if a [city] enacts an ordinance requiring such a person to obtain a license.

¶4    WRA filed suit to challenge the Ordinance, asserting that its "primary residence" requirement is contrary to and preempted by WIS. STAT.

3

§ 66.1014.[2]  According to its Senior Vice President of Legal and Public Affairs, WRA is a non-stock corporation whose members are "residential and commercial real estate sales agents, brokers, appraisers, inspectors, property managers, bankers and other professionals who touch real estate."  WRA's members, who number over 17,500, "assist people in buying, selling, and managing property in the City, including, but not limited to, real property to be used for short-term rentals." WRA's purposes include "defending property rights, promoting economic growth, and keeping housing affordable."  At least some of WRA's members "own real property in the City, including, but not limited to, property to be used for short-term rentals."

¶5      The City opposed WRA's motions for declaratory judgment and summary judgment.  In addition to arguing that WRA was wrong on the merits, it argued that WRA lacked standing to challenge the Ordinance.

¶6      In an oral ruling, the circuit court determined that WRA had standing under *Metropolitan Builders Ass'n of Greater Milwaukee v. Village of Germantown*, 2005 WI App 103, 282 Wis. 2d 458, 698 N.W.2d 301.  On the merits, however, the court sided with the City, determining that the "primary residence" requirement of the Ordinance neither violated nor was preempted by WIS. STAT. § 66.1014.  The court then entered an order granting summary judgment to the City in this regard.

---

[2] WRA also asserted that other provisions in the Ordinance are contrary to state law, but these issues are not on appeal.

**DISCUSSION**

¶7 WRA appeals, arguing that the circuit court should not have granted summary judgment to the City because the Ordinance restricting short-term rentals[3] to only residential dwellings that are the "primary residences" of their owners is either prohibited or preempted by WIS. STAT. § 66.1014. "Summary judgment is appropriate when there are no disputed material facts and the moving party is entitled to judgment as a matter of law," and we review the circuit court's grant of summary judgment independently. *Scenic Pit LLC v. Village of Richfield*, 2017 WI App 49, ¶6, 377 Wis. 2d 280, 900 N.W.2d 84.

¶8 Whether a statute preempts a municipal ordinance is also a question of law to be reviewed independently by this court. *Lake Beulah Mgmt. Dist. v. Village of East Troy*, 2011 WI 55, ¶11, 335 Wis. 2d 92, 799 N.W.2d 787; *Scenic Pit*, 377 Wis. 2d 280, ¶7. Before we address that issue, however, we review the City's argument that the circuit court erred in determining that WRA has standing to challenge the Ordinance.[4] Whether a party has standing is yet another question of law that this court reviews independently. *Krier v. Vilione*, 2009 WI 45, ¶14, 317 Wis. 2d 288, 766 N.W.2d 517; *City of Mayville v. DOA*, 2020 WI App 63, ¶9, 394 Wis. 2d 296, 950 N.W.2d 925.

---

[3] "'Short-term rental' means a residential dwelling that is offered for rent for a fee and for fewer than 30 consecutive days." WIS. STAT. § 66.0615(1)(dk).

[4] Because we conclude WRA has associational standing, as discussed below, we do not address WRA's argument that the City's failure to file a notice of cross-appeal makes this issue unreviewable. WRA's motion to dismiss the cross-appeal is denied as moot.

**A.** **Standing**

¶9 "'Standing' is a concept that restricts access to judicial remedies to those who have suffered some injury because of something that someone has either done or not done." *Munger v. Seehafer*, 2016 WI App 89, ¶48, 372 Wis. 2d 749, 890 N.W.2d 22. As part of the liberal standard employed in Wisconsin, *Friends of Black River Forest v. Kohler Co.*, 2022 WI 52, ¶19, 402 Wis. 2d 587, 977 N.W.2d 342, courts in our state recognize "associational standing" when at least one of the members of an association would have had standing and "the interests at stake in the litigation are germane to the organization's purpose," *Munger*, 372 Wis. 2d 749, ¶54 (citation omitted); *see also Metropolitan Builders Ass'n*, 282 Wis. 2d 458, ¶13 (concluding that an association had standing so long as any of its members had the right to challenge the ordinance at issue). The point is to make sure that a party has a sufficient stake in the lawsuit such that it will "carefully develop[] and zealously argue[]" the issues. *See McConkey v. Van Hollen*, 2010 WI 57, ¶16, 326 Wis. 2d 1, 783 N.W.2d 855. Judicial efficiency is also a part of the analysis. *Id.*, ¶18. As we stated in *Metropolitan Builders Ass'n*, in some contexts, "[t]here is simply nothing to be gained from repeated litigation of the same issue." 282 Wis. 2d 458, ¶16.

¶10 Here, there is unrefuted evidence in the Record (and the circuit court found) that at least one of WRA's members would have had standing to challenge the Ordinance; an officer of WRA attested that "WRA's members own real property in the City, including … property to be used for short-term rentals." He also attested that WRA's goals include, among other relevant things, "defending property rights," which would implicate the right to rent a residential dwelling regardless of whether or not it was the owner's primary residence. WRA's interest in challenging the Ordinance is thus germane to its purpose, and it has sufficient

6

stake to carefully and zealously present the issues. And, as in *Metropolitan Builders Ass'n*, judicial economy is served by allowing WRA members to challenge the Ordinance through collective action rather than individually; the court saves resources by resolving this issue once rather than in multiple lawsuits. *See* 282 Wis. 2d 458, ¶16 (noting some of the disincentives to bringing individual cases for developers belonging to an association, including fear of retaliation by the village being sued by the association).

¶11 In asserting that WRA lacks standing, the City notes the associational standing doctrine articulated in *Munger* but then relies exclusively on federal law, arguing that WRA's interest in challenging the Ordinance is insufficient. "Federal law on standing is not binding in Wisconsin." *Friends of Black River Forest*, 402 Wis. 2d 587, ¶17. For the foregoing reasons, and assuming without deciding that this court has jurisdiction to review the standing issue raised in the City's cross-appeal, we do not disturb the circuit court's holding that WRA has standing to challenge the Ordinance.

### B. Preemption

¶12 Turning to the merits of the case, we must determine whether the Ordinance permitting tourist housing rental only for "the primary residence" of the applicant is void as preempted by WIS. STAT. § 66.1014. In *DeRosso Landfill Co., Inc. v. City of Oak Creek*, 200 Wis. 2d 642, 547 N.W.2d 770 (1996), our supreme court articulated the test it first announced in *Anchor Savings & Loan Ass'n v. Equal Opportunities Commission*, 120 Wis. 2d 391, 395-97, 355 N.W.2d 234 (1984): a municipal ordinance is preempted by state statute—and therefore void—when "(1) the legislature has expressly withdrawn the power of municipalities to act; (2) it logically conflicts with state legislation; (3) it defeats

the purpose of state legislation; or (4) it violates the spirit of state legislation." *DeRosso Landfill*, 200 Wis. 2d at 651-52 (footnote omitted). We conclude that the Ordinance is preempted based on at least the second prong of the *DeRosso Landfill* test.

¶13 As always, we start with a statute's text in deciphering its meaning. *See State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. WISCONSIN STAT. § 66.1014(1)(b) defines what the legislature meant by "[r]esidential dwelling" in this context: "*any* building, structure, or part of the building or structure, that is used or intended to be used as a home, residence, or sleeping place by one person or by 2 or more persons maintaining a common household, to the exclusion of all others." (Emphasis added.) Then, it states in subsection (2)(a) that political subdivisions (such as the City) are prohibited from promulgating an ordinance that "prohibits the rental of a residential dwelling for 7 consecutive days or longer." Sec. 66.1014(2)(a). Thus, the statute forbids local ordinances that prohibit the rental of "any building … intended to be used as a home, residence, or sleeping place" for seven consecutive days or longer. *See id.*; § 66.1014(1)(b). When the meaning of a statute is plain from its text, we need not inquire further. *See Kalal*, 271 Wis. 2d 633, ¶45.

¶14 Next, we look at the text of the Ordinance. It says that the City will only grant the required permit to rent out a residential dwelling if it is the applicant's "primary residence." Although it does not define the term "primary residence," the term clearly excludes some residential dwellings—those residences that are non-primary—and thus the ordinance prohibits short-term rentals of at least some residential dwellings. It is evident that this logically conflicts with the statute's prohibition against local limitations on the short-term rental of "any" residential dwellings.

¶15    The City's arguments that there is no logical conflict here are unavailing. The City characterizes the statute as imposing only time limits on residential rentals and asserts that the Ordinance does not contain any restrictions conflicting with those time limits; instead, it says, the Ordinance simply limits *ownership* of rental property. This attempted distinction falls apart with the statute's explicit language that local government cannot prohibit short-term rental of "any" buildings that are "residential dwellings." *See* WIS. STAT. §§ 66.1014(1)(b), 66.1014(2)(a). The statutory definition leaves no room for the City's suggestion that it can lawfully prohibit the rental of buildings not used as a primary residence so long as the rental agreements for those buildings comport with § 66.1014's timing requirements.

¶16    The City argues that the statute cannot actually mean that "any" building used or intended to be used as a home is a "residential dwelling" because if it did, "*every* structure in Neenah can be a residential dwelling" and that would leave the City unable to prohibit short-term rental of every structure in its bounds. Obviously, as far as the statute is concerned, the City is free to limit short-term rentals on factories, hotels, shopping malls, and any other structures that are not "used or intended to be used as a home, residence, or sleeping place." *See* WIS. STAT. § 66.1014(1)(b). More importantly, when the text is clear, it is the end of our inquiry into the meaning of a statute. *See **Kalal***, 271 Wis. 2d 633, ¶45.

¶17    Moreover, the City's assertion (lacking any citation to the Record, we note) that an individual's "primary residence" is one in which "the individual is domiciled … for the majority of time" creates another conflict with WIS. STAT. § 66.1014. Subdivision (2)(d)1 of the statute says that a city may "limit the total number of days within any consecutive 365-day period that the dwelling may be rented to no fewer than 180 days"—in other words, an owner engaging in

short-term rental must be allowed to rent out a residential dwelling for at least six months of a year. *See* WIS. STAT. § 66.1014(2)(d)1. According to the City's definition, though, the Ordinance requires the owner of a rentable dwelling to live in the dwelling for more than six months of a year. The City fails to explain how this conflict can be resolved.

¶18 We also note that, notwithstanding the principle that municipalities' power to enact zoning ordinances is to be broadly construed in favor of the enactor, "[z]oning ordinances are in derogation of the common law and, hence, are to be construed in favor of the free use of private property." *Heef Realty & Invs., LLP v. City of Cedarburg Bd. of Appeals*, 2015 WI App 23, ¶7, 361 Wis. 2d 185, 861 N.W.2d 797 (alteration in original; citation omitted). Accordingly, "[t]o operate in derogation of the common law, the provisions of a zoning ordinance must be clear and unambiguous." *Id.* That is not the case here.

## CONCLUSION

¶19 Because we hold that the Ordinance is in logical conflict with WIS. STAT. § 66.1014, and satisfaction of a single prong of the *DeRosso Landfill* test is sufficient to constitute preemption, we need not address whether the Ordinance defeats the purpose of or violates the spirit of the state legislation. *See DeRosso Landfill*, 200 Wis. 2d at 652. We reverse the circuit court's grant of summary judgment for the City and direct the court to issue a revised order declaring the Ordinance preempted and therefore void.

*By the Court.*—Order affirmed in part, reversed in part and cause remanded with directions.

Recommended for publication in the official reports.